64 303
108a 524

64 303
207 207

# Illinois Central Railroad Company

## *v.*

## Fiest Friend.

Railroad companies as common carriers—*when their liability as carriers ceases.* Carriers by railroad are neither bound to deliver the goods carried, to the consignee personally, nor to give notice of their arrival, to discharge their liability as carriers; but if the consignee is not present to receive the goods on their arrival, the carrier can store them safely in a suitable warehouse to await the demand of the consignee; and when the goods are thus stored, the duty of the railroad, as a common carrier, terminates, and that of warehouseman begins.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. John N. Jewett, for the appellant.

Mr. Francis A. Riddle, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action brought against the railroad company to recover for goods destroyed by fire.

The property in question was loaded into a car of the Illinois Central Railroad Company, on the afternoon of October 4th, 1871, at Mattoon, Ill., consigned to the appellee at Chicago.

The car arrived in Chicago at about 4 o'clock in the afternoon of October 7th, 1871, which was Saturday; and by about 5 o'clock of that afternoon the goods had been unloaded and stored in a safe and suitable freight house of the company. On Monday morning, October 9th, 1871, between 5 and 6 o'clock, the freight house and contents, including the property in question, were destroyed by the great fire in Chicago.

The doctrine has been repeatedly declared by this court that carriers by railroad are neither bound to deliver the goods carried, to the consignee personally, nor to give notice of their arrival, to discharge their liability as carriers; that if the consignee is not present to receive the goods on their arrival, the carrier can store the goods safely in a suitable warehouse, to await the demand of the consignee; and that when thus stored, the duty of the railroad as a common carrier terminates, and that of warehouseman begins. *Porter* v. *Chic. and R. I. R. Co.* 20 Ill. 407; *Richards* v. *The Mich. S. and N. I. R. Co.* Id. 404; *C. and A. R. Co.* v. *Scott*, 42 Id. 132; *The Merchants' Dispatch Co.* v. *Hallock, ante.* p. 284.

The instruction given for the plaintiff below was in conflict with this rule. The 2d and 4th instructions asked for on behalf of the defendant were in accordance with such rule, but they were refused by the court.

For error in such giving and refusing of instructions, the judgment is reversed and the cause remanded.

*Judgment reversed.*