# THE ANCHOR LINE

*v.*

# JOHN C. KNOWLES.

1. CARRIERS—*limitation of liability in contract.* Where a party shipped goods, to be carried by water as well as by land, and received a bill of lading containing a provision that the carrier should not be liable for loss or damage to the property by fire or other casualty, while in transit or at depots or landing at the point of delivery, and the goods were safely carried to their destination, and there safely stored in a suitable warehouse, where they were destroyed by fire, on the night of the next day, without any fault on the part of the carrier: *Held,* that, as there was no question made as to the knowledge of the shipper of the provision in the bill of lading, it would be inferred that he received it with knowledge of its contents, and agreed to its terms, and consequently the carrier was not liable.

2. SAME—*notice of arrival.* In such a case, if the duty of the carrier to give notice of the arrival of the goods be conceded, under the contract, yet where the goods were landed and stored on a Sunday, and destroyed by fire before notice could be given on the following Monday, no liability could attach on account of failing to give notice of their arrival to the consignee.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding. •

Mr. GEO. GARDNER, for the appellant.

Mr. S. M. DAVIS, for the appellee. .

Mr. JUSTICE BREESE delivered the opinion of the Court:

An error was committed on the part of the court in assimilating this case to the case of *The Merchants' Dispatch Trans. Company* v. *Hallock,* 64 Ill. 284. This contract was not like that, as this is a contract to carry by water as well as by land, and the goods were landed from a propeller. A different rule than that announced in the case cited obtains, and we, in consideration of the error into which we have inadvertently

fallen, substitute what follows as the opinion to be entered in this cause:

The case was decided by the court below, upon a stipulation of the parties, without the intervention of a jury. This stipulation is in the record, and makes the bill of lading given by the company for these goods a part of the agreed facts. That paper contains a provision that appellant shall not be liable for loss or damage to the property, by fire or other casualty, while in transit or at depots or landings at the point of delivery. As there is no question as to the knowledge of the shipper of this provision in the bill of lading, we must infer he received it with knowledge of its contents, and agreed that its terms should govern. As the goods were safely carried to the place of delivery, and there safely stored in a suitable warehouse, and destroyed in the night of the next day, by fire, without any fault of appellant, no liability can attach to them, by the very terms of the contract.

It is, however, urged that, by the stipulation, it was customary for appellant to give notice to the consignee of the arrival of goods carried by them. Conceding that this stipulation is to be regarded as an acknowledgment by the company that such was their duty, notwithstanding the limitations contained in the bill of lading, still the goods arrived, and were landed and properly stored, on Sunday, when a notice could not be given. If it was the duty of the company to give notice, they could not be expected or required to give it before the commencement of business hours on the succeeding Monday. Before that time arrived, the goods were destroyed by the great conflagration of October 8 and 9, 1871.

Under such circumstances, there can be no liability on account of failing to give notice of the arrival of the goods to the person to whom they were consigned.

In this particular, the case does not differ from the case above referred to.

The judgment is reversed.

*Judgment reversed.*