SOLOMON ROTHSCHILD *et al.*

*v.*

THE MICHIGAN CENTRAL RAILROAD COMPANY.

COMMON CARRIER—*when liability of ceases, and that of warehouseman attaches.* Where goods have reached their destination either in the night time or on a Sunday, or where, for any other reason, the consignee is not ready to receive them on their arrival, and the carrier puts them in store, or in the charge of competent and careful servants, ready to be delivered

when called for, the carrier's liability as insurer ceases, and he will there-
after be liable only as warehouseman, and if the goods are destroyed by
fire without fault on his part, he will not be responsible.

APPEAL from the Circuit Court of Cook county; the Hon.
JOHN G. ROGERS, Judge, presiding.

This was an action of assumpsit, by Solomon Rothschild
and Julius Stern, partners, against the Michigan Central Rail-
road Company, as carriers, to recover the value of a lot of
cigars. The opinion states the facts of the case.

Mr. R. H. FORRESTER, for the appellants.

Messrs. WALKER, DEXTER & SMITH, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the
Court :

Appellants brought assumpsit against appellee, as a common
carrier, in the court below, to recover the value of 10,000
cigars belonging to appellants, which appellee undertook to
carry from Detroit to Chicago. The defense set up by appel-
lee was, that it safely carried the cigars from Detroit to Chi-
cago, and there safely deposited them in its warehouse, where
they were destroyed by the great fire in October, 1871, with-
out the fault of appellee.

The jury, under instructions from the court, brought in a
verdict in favor of appellee. A motion for a new trial was
made by appellants, which the court overruled, and gave judg-
ment upon the verdict of the jury.

During the progress of the trial, appellants took various
exceptions to the rulings of the court, and now ask that the
judgment below be reversed, because :

1st. The proof does not show that the goods were unloaded
into the defendant's warehouse.

2d. If the goods were unloaded into the defendant's ware-
house, the proof does not establish that they were burned in

it, but rather tends to show that they were afterwards reloaded into a car during the progress of the fire, and safely removed.

3d. The goods having been unloaded on Sunday, the liability of the defendant as a common carrier did not cease.

It is a sufficient answer to the first two objections that they involve only questions of fact, which it was within the province of the jury to determine; and, after having carefully examined all the evidence in the record, we are satisfied with the correctness of the conclusion to which they must have come to authorize their verdict as returned.

The remaining objection is fully answered by the opinion of this court in the case of *The Merchants' Dispatch Transportation Company* v. *Hallock,* 64 Ill. 284, and we see no sufficient cause to change from the views expressed in the opinion then filed.

It was there held that the duty of the company is to carry the goods safely to the place of destination and discharge them on the platform, and then and there deliver them to the consignee, and if, on account of their arrival in the night, or at any other time when, by the usage or course of business, the doors of the merchandize depot or warehouse are closed, or if, for any other reason, the consignee is not ready then to receive them, it is the duty of the company to store them safely under the charge of competent and careful servants, ready to be delivered, and actually deliver them when duly called for by parties authorized and entitled to receive them; and for the performance of these duties after the goods are delivered from the cars, the company are liable as warehousemen or keepers of goods for hire.

We perceive no error in the record for which the judgment of the court below should be reversed, and it is therefore affirmed.

*Judgment affirmed.*