CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY

v.

THOMAS PRATT ET AL.

COMMON CARRIER—NEED NOT GIVE NOTICE OF ARRIVAL OF STOCK.— It is not the duty of a common carrier to either deliver stock to the consignees, or to give them notice of its arrival. Its obligation as a common carrier ceases when it has delivered the stock at its place of destination, and unloaded it from its cars. Its only duty then is to store the stock in a proper place, to see that it is properly cared for and to deliver it on demand to the shipper or his consignees.

APPEAL from the Circuit Court of Vermillion county; the Hon. J. W. WILKIN, Judge, presiding. Opinion filed September 28, 1883.

Mr. WM. ARMSTRONG, for appellant; that even if there were negligence, there can be no recovery against appellant, as the entire contract of carriage is with the Wabash railroad, and there is no contract of partnership averred or proved as between the two companies, cited Hutchinson on Carriers, § 145,

pp. 111, 112; I. C. R. R. Co. v. Copeland, 24 Ill. 332; I. C. R. R. Co. v. Johnson, 34 Ill. 389; I. C. R. R. Co. v. Frankenberg, 54 Ill. 88; Adams Ex. Co. v. Wilson, 81 Ill. 339; U. S. Ex. Co. v. Haines, 67 Ill. 137.

Before plaintiffs have a cause of action they must show that they called upon and made a demand for the stock or that the consignee did so within a reasonable time after the same were shipped: C. & A. R. R. Co. v. Scott, 42 Ill. 132; I. C. R. R. Co. v. Friend, 64 Ill. 303; Merchants Dispatch v. Moore, 88 Ill. 136; C. & N. W. R'y Co. v. Dickinson, 74 Ill. 252.

Mr. D. D. EVANS, for appellees.

HIGBEE, J.   This was an action on the case by appellees against appellant and the Wabash, St. Louis and Pacific Railway Company as common carriers, to recover damages alleged to have been sustained by appellees, by reason of the depreciation in value of certain hogs, after their arrival at the Union Stock Yards in Chicago and before they were delivered to plaintiffs or their consignees.

The stock was shipped by appellees on the Wabash road at Catlin on Friday, November 26, 1880, consigned to " J. H. Gass & Co., Union Stock Yards, Chicago," and transferred by that road to appellant's road at Danville, in the night time, and by it carried forward and unloaded in the stock pens at the place of destination on the morning of the next day.

The agent at Catlin made out and delivered to the conductor of the train a way bill in which was stated the names of the consignors and consignees, the place of delivery, the number of cars and the amount of charges to be collected.   A copy made on a stub, except that the names of the consignees were omitted therefrom by mistake, was also delivered to the conductor, who, on arriving at Danville, sent the way bill to the division superintendent of his road, and delivered the stub with the cars to the yard-master of appellant's road.   From the stub a way bill was made out and delivered to the conductor of appellant's road and sent forward with the stock the same night, while the regular transfer papers were not made

out by the Wabash and delivered to appellant's agents until the following Tuesday.

The omission by the agent of the Wabash at Catlin to name the consignees caused the same omission in the way bill made by appellant's agent at Danville, and when the stock arrived at the stock yards, the agent there had no means of knowing who were the consignees, and the consignors were not there to claim it nor had they notified the consignees of the shipment, and the stock remained in the pens unclaimed until Wednesday.

It is not claimed that the stock did not arrive at the stock yards within a reasonable time and in good condition, but the real cause of action set out in the declaration, and attempted to be sustained by proof is, that appellant did not deliver the stock to the plaintiffs or their consignees within a reasonable time, and that in making out the way bill to accompany the same, appellant's servants negligently omitted therefrom the names of the consignees, by means whereof the stock remained unclaimed in the yards until the market value thereof had declined, whereby plaintiffs sustained damages.

The whole case rests upon the assumption that it was the duty of the carrier to either deliver the stock to the consignees or to give them notice of its arrival. Such is not the law. On the contrary it was the duty of the consignors to take notice of the time when the stock shipped by them would reach its destination and to be there to receive it, or to give notice to their consignee to do so. Appellant was neither required to deliver the stock to the consignees nor to give them notice of its arrival. Its obligation ceased as a common carrier when it had delivered the stock at its place of destination and unloaded it from its cars: Porter v. C. & R. I. R. R. Co. 20 Ill. 406; I. C. R. R. Co. v. Friend, 64 Ill. 303; Hutchinson on Carriers, Sec. 367.

The shipper relies upon his shipping contract. He has nothing to do with the way bill. It is not delivered to the consignee on the arrival of the goods, but is retained by the agent of the carrier to enable him to collect the freight and keep his accounts with his employer. Even if the way bill

in this case had been properly made out so as to inform the agent at the stock yards who were the consignees of the stock, he was not required, as we have seen, to give notice of the fact. It was the duty of appellants to store the stock in the proper places, to see that it was properly cared for and to deliver it on demand to the shipper or his consignees. All this it did, and if appellees have sustained damages because of the delay in delivery it is their fault in not sooner demanding it, and they must bear the loss. Judgment reversed and cause remanded.

Reversed and remanded.