Solomon Scheu, Respondent, *v.* Hiram Benedict et al., Appellants.

A common carrier of goods, in order to relieve himself from liability, must deliver the goods at the place designated in good condition. He is not justified in abandoning the goods or negligently exposing them to injury even if the consignor neglects to receipt or to receive them after notice of their arrival.

In such case, in order to relieve himself from responsibility, he must place the goods in a warehouse for and on account of the consignee; so long as he has the custody of the goods a duty devolves upon him to take care of them and preserve them from injury.

Defendants, who were common carriers of freight by water, received from plaintiff a quantity of malt in good order to transport to New York city. On the day the cargo arrived the consignees were notified and the same day commenced to unload it, removing a portion; the malt had to be bagged and carted away. The men stopped work at the usual hour and did not appear again to continue the unloading until seven days after, during which time a Sunday, a holiday and one or two rainy days had intervened, when it was found the malt had been injured by water and the consignees refused to receive it. By the bill of lading the consignees had the right to have the malt inspected as it was taken from the boat before accepting. *Held,* that the question as to whether the consignees proceeded with reasonable diligence was a question of fact, and was properly submitted to the jury; that only such portions of the malt as passed inspection were accepted; that the portion

not removed remained in the custody and possession of defendants, whose duty it was to exercise ordinary care to protect it from injury; and the consignees had the right to inspect before acceptance, and to refuse to accept when found damaged; and that, therefore, under the circumstances, a refusal of the court to charge that, if the carriers offered to deliver after arrival, and, under instructions, proceeded to a place designated by the consignees for unloading, and commenced to discharge the cargo, then their liability as common carriers ceased after a reasonable time had elapsed to unload, was not error; nor was it error to charge that defendant was responsible for the cargo until it was delivered in some form or other; and, until it was removed, either by plaintiff or defendants, the latter were liable for its proper condition, and if damaged by rain while lying in New York, defendants were liable.

(Argued October 28, 1889; decided November 26, 1889.)

APPEAL from a judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made April 20, 1886, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts are sufficiently stated in the opinion.

*G. W. Bower* for appellants. The defendants, as carriers, had only undertaken to safely transport the cargo to its destination, and deliver, or offer to deliver it according to directions, and give a reasonable time in which to unload, and when this had all been done, their whole duty as carriers was discharged and they were no longer liable as such. (*Gibson v. Culver*, 17 Wend. 305, 311; *Hawthorn v. Ely*, 28 N. Y. 78; *Fisk v. Newton*, 1 Denio, 45; *Fenner v. B. & S. L. R. R. Co.*, 44 N. Y. 505; *Price v. Powell*, 3 id. 322; *Thomas v. B. & P. R. R. Co.*, 10 Metc. 472; *Cary v. C. & T. R. R. Co.*, 29 Barb. 35, 46; 2 Kent's Com. 604, 605; *Pickett v. Dorman*, 4 Vt. 21; *Tarbell v. R. E. S. Co.*, 110 N. Y. 170.) The consignees were bound to use the same care and diligence in receiving and unloading as the defendants were in delivering. Having permitted bulk to be broken, and received part of the cargo, they must continue to receive, until it was all discharged, and cannot, for their own convenience, wait seven days before again commencing, thereby increasing the risk

to the defendants, and so retain the stringent liability of the carrier at their option. (*Hodges* v. *H. R. R. R. Co.*, 49 N. Y. 223, 226; 110 id. 170.)

*James M. Humphrey* for respondent.

Haight, J. This action was brought to recover damages alleged to have been sustained by reason of a cargo of malt becoming damp and wet. The defendants were common carriers of freight upon the Erie canal and Hudson river, and as such owned and ran the canal boat "W. W. Beebe." On the 16th day of June, 1882, they received from the plaintiff thirteen thousand bushels of Canada barley malt, in good order, to be transported to the city of New York. Thereafter, and on the twenty-ninth day of June, the cargo arrived and notice was given to the consignees of such arrival, who immediately and on the same day commenced to unload the same, taking out twenty-four hundred bushels At the usual hour the men stopped work and did not appear again to continue the unloading of the cargo until the sixth day of July, being the seventh day after breaking bulk. It was then found that the malt had been injured by water and the consignees refused to receive it.

The bill of lading provided that the consignees should have five week days, regardless of weather, in which to discharge the cargo without liability for demurrage. In discharging the cargo the malt had to be shoveled into bags and taken and carted away.

Upon the trial questions arose as to whether the grain was received in good order and as to whether it was damaged upon the voyage or after it arrived in New York, all of which we must regard as settled by the verdict of the jury.

In submitting the case the court was requested by the defendant to charge that "If the jury should find that the carriers offered to deliver the cargo after its arrival in New York and receiving instructions as to its disposal, proceeded in pursuance thereof to a place designated, and commenced to discharge the cargo, then the mero liability as common carrier

ceased after a reasonable time had elapsed to unload." This request was refused under the circumstances of the case and an exception was taken. The court had instructed the jury that the consignees were entitled to a reasonable time in which to discharge the cargo, and that the jury were the judges as to what was a reasonable time, which must be determined under all of the circumstances of the case; that the defendants were responsible for the cargo until it was delivered in some form or another; that the mere putting of it at the disposal of the plaintiff's agent to take out the cargo did not relieve the defendants of their responsibility to take care of it while it lay in the harbor of New York, and was not yet taken out of the boat, and until it was removed either by the plaintiff or defendants they were liable for the proper condition of the cargo; and that if it was damaged by rain whilst lying in New York the defendants were liable. Exceptions were taken to these charges, and also to the refusal of the court to charge that "after bulk had been broken and part of it removed, and after a reasonable time had then elapsed to unload or remove the remainder of the cargo, the liability of the carrier as such ceased." It does not appear to us that these charges, when read and considered together, present any ground for error which calls for a reversal of the judgment.

The rule, doubtless, is that the common carrier of freight by boat must, in order to relieve himself from liability, deliver the goods at the place designated in good condition. Undoubtedly there may be a constructive delivery which would terminate his responsibility as a carrier, but it must be such as would in law be recognized as a delivery. If the consignee neglect to accept or to receive the goods, the carrier is not thereby justified in abandoning them or in negligently exposing them to injury. If they are not accepted and received when notice is given of their arrival, he may relieve himself from responsibility by placing the goods in a warehouse for and on account of the consignee, but so long as he has the custody a duty devolves upon him to take care of the property and preserve

it from injury. (*Tarbell* v. *Royal Exchange Shipping Co.*, 110 N. Y. 170–182; *Hathorn* v. *Ely*, 28 id. 78; *Fisk* v. *Newton*, 1 Denio, 45; *Price* v. *Powell*, 3 N. Y. 322; *Fenner* v. *Buffalo and State Line Railroad Company*, 44 id. 505.)

As to whether or not the consignees proceeded with reasonable diligence to unload the cargo was, as the trial court stated, a question, under the circumstances of the case, for the jury, In order to remove the malt from the boat it had to be bagged and carted away. Whether this could be done with safety, in a rainy day, was a question of fact. It appears that Sunday and one holiday had intervened, and that one or two days had been rainy, so that we think a finding that the consignees had not unreasonably delayed the unloading of the boat is justified by the evidence. On the sixth day of July, as we have seen, the cargo was found so damp as to cause it to be rejected by the inspector of the parties. The consignees had the right to have the malt inspected as it was taken from the boat before accepting it. The entire cargo could not well be inspected at the same time, for that which was on top may have been dry and in good order, whilst that in the bottom of the boat might have been wet and spoiled. The inspector stood by and examined it as it was taken from the boat, and it was only such as passed his inspection that was accepted by the consignees. That which remained in the boat at the close of work on the twenty-ninth day of June remained in the custody and possession of the defendants, whose duty it was to exercise ordinary care to preserve and protect it from injury and to allow the consignees a reasonable time within which to inspect it and take it away, and in case they neglected to receive or take it within such time, then it was the duty of the defendants to discharge it in store or warehouse where it would still be protected from the elements.

It consequently appears to us that the defendants have no ground of complaint as to the charges made, and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.