## Bowen W. Schumacher v. Chicago & Northwestern Ry. Co.

1. RAILROADS—*May Charge for an Unreasonable Detention of Cars by Shipper.*—A railroad may recover a reasonable charge for the unreasonable detention of a car by a shipper.

2. SAME—*Right to Terminate Its Liability as a Common Carrier After the Expiration of a Reasonable Time.*—A railroad company, after the expiration of a reasonable time given to the shipper to remove his goods, may terminate its liability as a common carrier by unloading and storing the goods in its warehouse, thereby assuming the liability of a warehouseman only, and may have a lien for a reasonable storage charge.

3. SAME—*Lien for Storage Charges Not Defeated Because of Excessive Charges.*—When the right to a lien for storage charges exists the same will not be defeated by the fact that the amount claimed may be too large, unless the owner or party desiring the possession of the goods makes a tender of the amount due.

4. SAME—*Warehouseman May Retain Lien on Part of Goods for Storage Charges on the Whole.*—Where a party has a lawful lien on goods for storage, although he may have delivered part of them without insisting upon the lien, nevertheless he has a right to retain the residue for the amount due upon the whole.

5. SAME—*Goods May be Stored in Cars as Well as in Warehouse.*—It is not material that a railroad allows goods to remain stored in cars instead of putting them in a storehouse. The responsibility of the company for their custody is the same as if they had been stored, and they have the right to retain them until their charges are paid.

Replevin.—Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

LOUIS ZIMMERMAN, attorney for appellant.

PAM, CALHOUN & GLENNON, A. W. PULVER and S. A. LYNDE, attorneys for appellee; CHARLES D. CLARK, of counsel.

The right of a railroad company to recover charges for the detention of cars by consignees, who fail to unload within a reasonable period, is thoroughly established. Miller v. Mansfield, 112 Mass. 260; Barker v. Brown, 138 Mass. 340; Kentucky Wagon Co. v. L. & N. R. R. Co., 50 Am.

and Eng. R. R. Cases, 90; Miller v. Georgia Railroad Co., 88 Ga. 563; Norfolk & Western R. R. Co. v. Adams, 90 Va. 393; Kentucky Wagon Co. v. O. & M. Ry. Co., 98 Ky. 152, 32 S. W. Rep. 595; Penns-lvania Co. v. Midvale Steel Co. (Pa. Sup. Ct.), 51 Atl. Rep. 313; Elliott on Railroads, Vol. 4, Sec. 1567.

Wherever the question has been raised, the weight of authority is to the effect that railroad companies have a lien upon freight for damages which have accrued by reason of unnecessary and unreasonable delay of consignee in receiving and unloading, and that the railroad company may refuse to deliver such freight until the reasonable and established charges which have accrued for the detention and use of the cars containing such freight have been paid. Kentucky Wagon Co. v. L. & N. R. R., 50 Am. and Eng. R. R. Cases, 90; Miller v. Mansfield, 112 Mass. 260; Norway Plains Co. v. B. & M. R. R. Co., 1 Gray, 263; Miller v. Georgia R. R. Co., 88 Ga. 563; O. & M. R. R. v. Bannon, Common Pleas, Louisville, Ky., June 20, 1892; Purcell v. P., C., C. & St. L. Ry., Cook County Cir. Ct., Nov., 1893; Fuller v. C., C., C. & St. L. Ry., Cir. Ct., Coles Co., Ill., April, 1896.

Railroad companies have the right to adopt rules for enforcing charges in the nature of demurrage for the unreasonable detention and use of cars for the storage of unloaded freight. 4 Elliott on Railroads, Sec. 1568; Kentucky Wagon Co. v. O. & M. Ry. Co., 98 Ky. 152 (32 S. W. Rep. 595); Miller v. Mansfield, 112 Mass. 260; Miller v. Georgia R. R. Co., 88 Ga. 563; Beach on Railway Law, Sec. 924; U. P. D. & G. Ry. Co. v. Cooke, 50 Am. and Eng. R. R. Cases, 89; P. & W. Ry. Co. v. Gilliland, Common Pleas, Butler Co., Pa., Sept., 1892; Norfolk & Western R. R. v. Adams, 90 Va. 393; Penn. R. R. Co. v. Midvale Steel Co., 201 Pa. St. 624; 51 At. Rep. 313.

A railroad company may terminate its liability as a common carrier by unloading and storing freight in its warehouse, thereby assuming the liability of a warehouseman only, and have a lien for all storage charges. I. C. R. R.

Co. v. Alexander, 20 Ill. 23; Porter v. Railroad, 20 Ill. 407; M. D. T. Co. v. Hallock, 64 Ill. 284; R. R. Co. v. Friend, 64 Ill. 303; Anchor Line v. Knowles, 66 Ill. 150; Rothschild v. Railroad Co., 69 Ill. 164; Cahn v. R. R. Co., 71 Ill. 96; M. D. T. Co. v. Moore, 88 Ill. 136; Scheu v. Benedict, 116 N. Y. 510.

When the right to a lien exists, the same will not be defeated by the fact that the amount claimed may be too large, unless the owner or party desiring the possession of the goods makes a tender of the amount due. Russell v. Koehler, 66 Ill. 459; Hoyt v. Sprague, 61 Barb. 497; B. & L. H. Ry. Co. v. Gordon, 16 U. C. Q. B. 283; Loewenberg v. A. & L. Ry. Co., 56 Ark. 439; Schouler on Bailments, Sec. 125.

Where a defendant has lawfully a lien on goods for storage, although it may have delivered part of them without insisting upon the lien, nevertheless it has a right to retain the residue of the shipment for the amount due upon the whole shipment, and the plaintiff can not maintain replevin. Lane v. O. C. & F. R. R. Co., 14 Gray, 143; N. H. & N. Co. v. Campbell, 128 Mass. 104; Steinman v. Wilkins, 7 W. & S. 466; McFarland v. Wheeler, 26 Wend. 467; Darlington v. Missouri Pacific, 72 S. W. Rep. 122.

A railroad company may, in its discretion, either store goods in its own warehouse, or store same in the car in which same was transported, where such car affords the proper storage facilities. Miller v. Mansfield, 112 Mass. 260; Miller v. Georgia R. R. Co., 88 Ga. 563; Gregg v. I. C. R. R. Co., 147 Ill. 550.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an action of replevin instituted by appellant to recover from appellee possession of three tons of coke. The court, at the conclusion of all the evidence, directed a verdict for appellee, and entered judgment thereon, from which this appeal was prosecuted.

It appears from the record that Schumacher, a practicing lawyer in Chicago, resides in Highland Park, a village of two or three thousand inhabitants, on the line of the

Chicago & Northwestern Railway, in Lake county. Schumacher shipped two car-loads of coke from Chicago over appellee's line of railroad to his residence in Highland Park. Schumacher was promptly notified of the arrival of the cars, and that unless they were unloaded within forty-eight hours a demurrage or car service charge of $1 per day for each car would be charged after the expiration of such time. One car was promptly unloaded within thirty-six hours after the work of unloading was begun. The remaining car was not unloaded at the expiration of ten days after its arrival at Highland Park and notice given to Schumacher, who worked for a week in an interrupted, indifferent and dilatory manner in attempting to unload the car, when the railroad company sealed the car and refused to permit him to remove more of the coke till the demurrage charges claimed by the company were paid. Schumacher thereupon instituted this replevin suit to recover possession of the coke.

The question presented for our determination is, whether a railroad company, under the laws of Illinois, is entitled to a lien upon coke coal, or a like commodity, retained by the common carrier in its freight cars in which it is shipped, for reasonable charges for storage after the expiration of a reasonable length of time by the shipper to remove the same, and failure on his part so to do.

The evidence warranted the court in assuming as a basis of its peremptory instruction, that Schumacher did not unload the car within a reasonable length of time. The right of a railroad company to recover reasonable charges for the unreasonable detention of a car by a shipper, is no longer an open question. Miller v. Mansfield, 112 Mass. 260; Barker v. Brown, 138 Mass. 340; Kentucky Wagon Co. v. L. & N. R. R. Co., 50 Am. and Eng. R. R. Cases, 90; Miller v. Georgia Railroad Company, 88 Ga. 563; Norfolk & Western R. R. Co. v. Adams, 90 Va. 393; Kentucky Wagon Co. v. O. & M. Ry. Co., 98 Ky. 152; Pennsylvania Co. v. Midvale Steel Co., 201 Pa. St. 624; Elliott on Railroads, Vol. 4, Sec. 1567. A railroad company may, after the expira-

tion of a reasonable time to the shipper to remove the the same, terminate its liability as a common carrier by unloading and storing freight in its warehouse, thereby assuming the liability of a warehouseman only, and have a lien for reasonable storage charges. I. C. R. R. Co. v. Alexander, 20 Ill. 23; Porter v. Railroad, 20 Ill. 407; M. D. T. Co. v. Hallock, 64 Ill. 284; R. R. Co. v. Friend, 64 Ill. 303; Anchor Line v. Knowles, 66 Ill. 150; Rothschild v. Railroad Co., 69 Ill. 164; Cahn v. R. R. Co., 71 Ill. 96; M. D. T. Co. v. Moore, 88 Ill. 136; Scheu v. Benedict, 116 N. Y. 510. When the right to a lien exists, the same will not be defeated by the fact that the amount claimed may be too large, unless the owner or party desiring the possession of the goods makes a tender of the amount due. Russell v. Koehler, 66 Ill. 459; Hoyt v. Sprague, 61 Barb. 497; B. & L. H. Ry. Co. v. Gordon, 16 U. C. Q. B. 283; Loewenberg v. A. & L. Ry. Co., 56 Ark. 439; Schouler on Bailments, Sec. 125.

Where a party has a lawful lien on goods for storage, although he may have delivered part of them without insisting upon the lien, nevertheless he has a right to retain the residue for the amount due upon the whole. Lane v. O. C. & F. R. R. Co., 14 Gray, 143; N. H. & N. Co. v. Campbell, 128 Mass. 104; Steinman v. Wilkins, 7 W. & S. 466; McFarland v. Wheeler, 26 Wendell, 467; Darlington v. Missouri Pacific, 72 S. W. Rep. 122.

It is well settled that a common carrier, in addition to its compensation for the carriage of goods, has the right to charge for their storage and keeping, as a warehouseman, for whatever time they remain in its custody after reasonable opportunity has been afforded the owner to remove them. And, we think, where the carrier's duty ends with the transportation of the car and its delivery to the customer, and no further service is embraced in the contract, the carrier, after a reasonable time has been allowed for unloading, is as much entitled to charge for the further use of its car as it would be for the use of its warehouse. We know of no good reason why it should be restricted to the

latter method of storage. There is no law which inhibits the use of cars for this purpose, or which requires unloading and removal of the goods to some other structure before any charge for storage can attach. This method of storage may, in many cases, be as effectual as any other. Indeed, it may serve the customer's interest and convenience much better to have the car placed at his own place of business, where he may unload it himself, or where it may be unloaded by purchasers as the goods are sold, thus saving drayage and other expenses, than to have it unloaded by the carrier, and the goods stored elsewhere at the consignee's expense. And if a customer, whose duty it is to unload, and who, failing to do so within a reasonable time, accepts the benefit of storage in a car by requesting or permitting the carrier to continue holding it unloaded in service, and subject to his will and convenience as to the time of unloading, he can not be heard to complain of the method of storage and to deny the right to any compensation at all for this service on the ground that some other method was not resorted to. He may insist that the rate fixed shall not be unreasonable or excessive, but the law can not be invoked to declare that no compensation whatever shall be charged for such extra service. Miller v. Georgia Railroad Company, 88 Georgia, 563.

In Miller v. Mansfield, 112 Mass. 263, which was a case involving the relative rights of common carrier and shipper with reference to 100 barrels of flour, the court said :

" This charge is, in its essential character, a charge for storage. After the arrival of the goods at their destination the liability of the company as common carrier ceased, but they became liable for the custody of the goods as warehousemen; and, if they were not removed within a reasonable time, were entitled to compensation, for which they had a lien as warehousemen. * * * It is not material that the goods remained in the cars instead of being put in a store-house. The responsibility of the company for their custody was the same as if they had been stored, and they had the right to retain them until their charges were paid."

And in Gregg v. Ill. Cent. Ry. Co., 147 Ill. 550, it was

held that the liability of a railroad company as a common carrier of freight ceased upon unloading the goods from the car at the place of destination and placing them in a safe or secure warehouse; and that where the carrier was not required, in the usual course of business, or expected, to remove the freight from the car, as in the case of grain in bulk, coal, lumber and the like, its liability as a common carrier would terminate by delivering the car in a safe and convenient position for unloading at the elevator, warehouse or other like place designated by the contract or required in the usage of business; or, if no place of delivery were designated or required on the said contract, in the usual and customary place for unloading by consignees; and that where the consignee of car lots of such commodities failed to receive the same, or designate any place of delivery, the carrier would not be permitted to abandon the freight, but would be required to exercise ordinary and reasonable care for its preservation as warehousemen; that in the exercise of such care the common carrier might leave the freight in the car or store it in a warehouse, assuming the liability imposed by law in such case for its care. The same case held in express terms that a common carrier, while it thus retained possession of freight committed to it for transportation, was entitled to a lien both for its charges as a common carrier and as warehousemen.

It is contended by appellant that the trial court erred in refusing to permit him to prove the distance required to haul the coke from the car of appellee to his place of residence. The testimony of appellant shows that his place of residence was within the corporate limits of the village of Highland Park. We hold that the rejection of this testimony was not reversible error. It can not be held that different residents of the same village, like that in which appellant resided, can be entitled under circumstances precisely similar, except the distance of their respective residences from the side tracks of the railroad, are entitled to materially different lengths of time for unloading car lots of coke, coal, lumber and other like commodities. If such

were not the rule, a person residing many miles distant from the village would be entitled to practically an unlimited length of time within which to unload a car load of similar freight. Such a rule can not be declaratory of the law applicable to the case. The judgment of the Circuit Court is affirmed.