## Chicago, Peoria & St. Louis Railway Co. of Illinois v. The Dorsey Fuel Company.

The questions involved in this case are disposed of in the opinion rendered in the case of Schumacher v. Chicago & Northwestern Railway Company, 207 Ill. 199.

Action of trover. Appeal from the City Court of Alton; the Hon. ALEXANDER W. HOPE, Judge, presiding. Heard in this court at the February term, 1903. Reversed. Opinion filed March 10, 1904.

TERRY & WILLIAMSON, for appellant; BLUFORD WILSON and P. B. WARREN, of counsel.

J. V. E. MARSH, for appellee.

PER CURIAM.

This was a suit in trover brought in the City Court of Alton by appellee against appellant. The declaration charged appellant with converting to its own use 54,000 pounds of lump coal loaded in a certain freight car marked "St. L., A. & S. 61884," and 43,000 pounds of nut coal loaded in a certain freight car marked "C., P. & St. L. 3169," the property of appellee, of the value of $100.

The general issue was filed and there was a verdict in the court below against appellant for $100, and judgment having been entered for that amount, an appeal was taken to this court.

Appellee is a corporation engaged in dealing in coal at Alton. The two cars of coal above named were shipped to appellee on November 26, 1901, and reached Alton over appellant's road, car No. 61884 arriving on November 29, and car No. 3169 early on November 30. Soon after the arrival of the cars the agent of appellant notified appellee of that fact. The freight on car No. 3169 was prepaid and appellee paid the freight upon the other. Appellant is a member of the Illinois Car Service Association, which includes in its membership about fifty railroads and some two thousand stations. It then covered in territory all of the State of Illinois and portions of several other states. One of the objects of this association is to prevent the unnecessary detention of freight cars in the loading and unloading of freight. The rules of the Illinois Car Service Association were established by the American Railway Association, composed of all the railroads in the country. These rules provided, among other things, that all carload freight should be subject to car service rules; that forty-eight hours free time be allowed for loading or unloading all commodities; that at the expiration of the free time allowed, a charge of one dollar per car per day, or fraction thereof, should be made and collected. It also appeared from the evidence that after these rules were first established, the coal dealers of Alton made complaint that the time limit fixed was too short; that for the purpose of getting more time for unload-

ing coal, they met the local railroad agents and the manager of the Illinois Car Service Association in Alton, where the matter was fully discussed, with the result that 24 hours additional time was allowed for unloading coal in carload lots, making 72 hours free time in all. The cars of coal in controversy here were not unloaded within the 72 hours provided for by the Illinois Car Service rules, although appellee was notified every morning within that time by the agent of appellant that the cars containing their coal were still upon the track and had not yet been unloaded. Soon after the expiration of the time limit fixed by the rules of the Illinois Car Service Association, appellee notified appellant to deliver car No. 3169 to the "Glass Company." This appellant's agent refused to do until the car service charges then accrued should be paid.

Appellee had paid car service charges prior to the time this controversy arose and was familiar with the rules governing the same, having been represented at the meeting above referred to in Alton, where additional time was secured for unloading carload lots of coal. Mr. B. L. Dorsey, president of the Dorsey Fuel Co., when notified of the car service charges, refused to pay the same, saying to the agent of appellant, "You know very well what my feelings are on car service rules." Shortly afterwards appellant's agent was ordered by appellee to deliver car No. 61884 to another party, but refused to do so for the same reason that he refused to deliver No. 3169. As appellee wholly refused to pay the car service charges, the two cars of coal were subsequently sold by appellant, and the proceeds, after the amount of car service charges were deducted, tendered to appellee, which company refused to accept the same.

The question presented is, whether a railroad company has the right, where it has transported bulky commodities, such as coal in carload lots, to require that its cars shall be unloaded within a reasonable time after the arrival of the same at their points of destination; whether in case such cars are not unloaded within such time it has a right to make a reasonable charge for the use of the same, and

whether the time fixed and the rate charged in this instance were reasonable.

All the material questions presented to us in this case were involved in the case of Schumacher v. C. & N. W. Ry. Co., in which an opinion was filed by the Supreme Court of this state on February 17, 1904 (207 Ill. 199) on an appeal from the Appellate Court of the Second District. (108 Ill. App. 520.) The subject-matter of that suit was a carload of coke which had not been unloaded by the consignee within the time fixed by the car service rules. Those rules provided a limit of forty-eight hours for unloading cars and a car service charge of one dollar per day after the expiration of that time. Every question necessary or proper for us to consider in this case was fully covered by the opinion of the Supreme Court in that case, where the right of the railroad company to recover the car service charges was fully sustained.

It follows that the judgment in this case must be reversed, and, as appellee has no right of action upon the facts claimed by it to exist in this case, the cause will not be remanded.

*Reversed.*