David O. Boehm, J.
This action was commenced in the City Court of the City of Rochester, New York, and removed to the County Court of Monroe County by order of the County Court dated ’July 14,1965.
Plaintiff, a common carrier, seeks to recover $2,950.65 for merchandise which it claims to have delivered to the defendant pursuant to a negotiable order-notify bill of lading. Defendant apparently operates a franchised water softener business in the County of Monroe as an individual proprietor, and in 1964 *687 resided at No. 312 North Union Street where he also conducted, in corporate form, a separate heating business. The principals, including defendant Sam Lanza, and employees of the heating business, were the same people as those conducting and involved in the water softener business.
On September 30, 1964 the Genesee Valley Union Trust Company, now Marine Midland Trust Company, received from the Lindsay Company of St. Paul, Minnesota, a collection letter to which there was attached the bill of lading of certain merchandise being shipped via plaintiff, Eazor Express, Inc., to the defendant. The collection letter requested the bank to collect $2,950.65, plus collection charges. The merchandise consisted of water softener parts, tanks, fittings and softening compounds used in the defendant’s business.
The named consignee was the seller Lindsay Company, but the bill of lading called for the defendant to be notified upon the arrival of the goods. The address of the defendant on the bill of lading is given as 312 North Union Street. After notification, the defendant was to obtain the bill of lading from the Genesee Valley Union Trust Company upon payment of the $2,950.65 and delivery charges, and then present the bill of lading to the plaintiff upon delivery of the merchandise. Stamped upon the defendant’s freight bill is the legend “Sight Draft * * * Deliver Only Upon Surrender of Original Bill of Lading. ’ ’
Through some oversight, the shipment was delivered by the plaintiff to the defendant on October 12, 1964 without presentment of the bill of lading. Genesee Valley Union Trust Company did not collect the $2,950.65 from the defendant nor fi opa anyone else on his behalf. Five days prior to delivery, on October 7, 1964, the bank had notified defendant that it had the collection letter and bill of lading, but heard nothing from him, and on November 30, 1964 returned the bill of lading to the Lindsay Company in St. Paul, Minnesota.
Emmett J. Mulroy, plaintiff’s terminal manager, testified that the shipment arrived in Rochester on October 10, 1964 and that one of the plaintiff’s drivers, no longer employed, delivered the shipment to the defendant on October 12, 1964. There are notations on the freight bill showing delivery by De Rycke, the driver, together with the date of delivery and acknowledgment of receipt of delivery by someone whose intitials are not identified. The delivery was made to 312 North Union Street, the address on the bill of lading, and the driver received a check drawn upon Central Trust Company of Rochester made out *688 by defendant Sam Lanza, for $67.87, this sum being the amount of the freight charges.
It is true there was no direct proof by the plaintiff regarding actual delivery, but the only one who could have furnished this would be the driver who apparently is no longer available. However, this is no impediment, because the freight bill, which is also a delivery receipt, being a record kept in the regular course of business, is admissible, as are the entries theron,- to prove the event (CPLR 4518).
Mulroy testified that he called Lanza approximately one week after the merchandise was delivered and told him about the mistake in delivering the goods without the presentment of the bill of lading. He asked Lanza to pick up the bill of lading at Genesee Valley Union Trust Company and Lanza assured him he would. At this time plaintiff was in possession of Lanza’s check for $67.87. In the same telephone conversation Lanza acknowledged that the goods had been delivered to him.
On April 27, 1967, at a prior trial, the court granted defendant’s motion to dismiss the complaint at the close of plaintiff’s proof, for failure of the plaintiff to make out a prima facie case. Plaintiff appealed therefrom and, on January 16, 1969, the Supreme Court, Appellate Division, Fourth Department', reversed the dismissal (31 A D 2d 781), holding that the plaintiff’s proof (which is the same as that produced here), including the plaintiff becoming the owner and holder of the bill of lading by the Lindsay Company’s subsequent indorsement thereof, was adequate to establish, or to draw a reasonable inference, that the merchandise had been properly delivered to defendant.
Accordingly, the case was sent back for a new trial and tried before this court, without a jury. The state of the record is identical, insofar as plaintiff’s proof is concerned, to tha’t considered by the Appellate Division in making its decision. All that is added to the prior record is the defendant’s proof. In substance, he admits having placed prior orders with Lindsay Company; that normally these orders would come in C. O. D. or on sight draft through Genesee Valley Union Trust Company; that he had a checking account with Central Trust Company in 1964; that he received merchandise from Lindsay Company in October, 1964. However, he denies ordering the merchandise in question, denies receiving the shipment of merchandise, denies paying the freight charges of $67.87, denies the telephone conversation with. Mulroy, denies any communication whatsoever from Genesee Valley Union Trust Company in October, 1964 regarding the Lindsay Company shipment.
*689 The court finds, as of course it must, that the plaintiff has presented a prima facie case by a fair preponderance of the credible evidence. It further finds that the plaintiff is the owner and holder of the bill of lading by the Lindsay Company’s indorsement thereof. (Uniform Commercial Code, § 1-201, subd. [39]; § 7-501, subds. [1], [6]; § 7-502, subds. [1], [2] ; Christoffersen v. Murray Packing Co., 24 A D 2d 587, affd. 17 N Y 2d 855.)
Regardless of whether or not defendant Lanza himself, personally, received the goods or receipted the freight bill, his liability arises upon delivery at the address shown upon the bill of lading. ‘ ‘ Where goods are directed to a person as an official of a firm or company , it is, in law, directed to the firm or company itself, and a delivery of the goods to an agent of the firm or company at its place of business constitutes a legal delivery.” (7 N. Y. Jur., Carriers, § 119, p. 120.)
The fact that the bill of lading does not name Sam Lanza specifically, does not alter the fact that the company, Automatic Lindsay Water Conditioners of Monroe County, named in it, is actually operated by Lanza as a single proprietorship and plaintiff, as the common carrier, had every right to deliver the property to the place designated in the contract of carriage. (Scheu v. Benedict, 116 N. Y. 510; Porter v. Long Is. R. R. Co. 221 App. Div. 713.)
The defendant failed to overcome the presumption of the receipt of the goods supported by the receipted freight bill, the check for the freight charges, the letter of notification from the Genesee Valley Union Trust Company and the actual delivery of the merchandise to 312 North Union Street. Here we are bound by the prior decision of the Appellate Division in the context of the provisions of the Uniform Commercial Code, particularly subdivision (31) of section 1-201. Upon the record before it, the Appellate Division held there was, at the very least, a presumption of delivery. Subdivision (31) of section 1-201 of the Uniform Commercial Code requires “ that the trier of fact must find the existence of the fact presumed unless and until evidence is introduced which would support a finding of its non-existence.” This evidence the defendant failed to introduce. His blanket denials do not prevail against the multitude of evidence to the contrary.
Accordingly, judgment is ordered for the plaintiff in the sum of $2,950.65, plus interest.