OPINION OF THE COURT
Marsha L. Steinhardt, J.
This is a motion brought on by the defendant, United Parcel Service (UPS), for an order dismissing the complaint of the *811 plaintiff pursuant to CPLR 3211, or in the alternative, granting summary judgment against the plaintiff, and in its favor, pursuant to CPLR 3212. Plaintiff cross-moves for an order granting summary judgment to it, as against defendant UPS.
Plaintiff seeks to recover for the loss of a package containing jewelry which was shipped to Ed Dwek, in care of Marco Polo Hotel, Miami Beach, Florida. At some point subsequent to the commencement of the instant action plaintiff discontinued against defendant, Marco Polo Hotel, due to lack of jurisdiction. The gravamen of plaintiffs claim against UPS is its alleged failure to deliver the package.
The facts which form the subject matter of this lawsuit are not in dispute. On July 16, 1990 a package containing jewelry was sent, by plaintiff, via UPS, to a salesman at the Marco Polo Hotel. The package was delivered to the hotel and signed for by the bell captain. The package was then placed in the hotel package room. It is the hotel’s procedure to place a notice, informing the hotel guest of receipt by the hotel of a package, in the guest’s mailbox. In addition, the "call” light in the guest room is illuminated, thereby alerting the guest of the necessity of contacting the front desk. The package is not released unless the person claiming same exhibits a room key and signs for it. Annexed as exhibits to defendant’s moving papers are documents from the hotel indicating that the above outlined procedure was carried out. Bell captain Jim Foddy accepted the package and it was ultimately released to someone bearing room key No. 325 — the room occupied by Mr. Dwek.
It is the contention of the moving party that United Parcel Service fulfilled its obligation by delivering the package to the bell captain of the hotel. Cross movant, on the other hand, maintains that delivery must be made not only to the correct address but to the correct addressee. "The rule, doubtless, is that the common carrier of freight * * * must, in order to relieve himself from liability, deliver the goods at the place designated in good condition.” (Scheu v Benedict, 116 NY 510, 513 [1889].)
It is equally well established that "[t]he common carrier also owes the duty of making delivery at a proper place where the consignee can, with convenience and safety to himself and his goods, take possession of the same.” (Brown, Personal Property § 100, at 459 [2d ed 1955].)
"[W]hen a common carrier has transported the property to *812 its destination, and done all of the acts pertaining to the carriage of the goods, his liability as such carrier ceases. There can, however, be no uniform rule as to what acts are necessary to be done to fulfill the carrier’s contract. His duties must vary according to the nature of the consignment.” (Independence Mills Co. v Burlington, Cedar Rapids & N. Ry. Co., 72 Iowa 535, 539, 34 NW 320, 322 [1887], as cited in Brown, op. cit., at 460.)
"Prima facie and generally it is the duty of all common carriers to deliver goods carried to the consignee, unless otherwise directed in the bill of lading. But the necessities of trade and the usages and customs prevailing at the place of delivery may control, and frequently do control, the manner of discharging this duty.” (Richmond v Union Steamboat Co., 87 NY 240, 244 [1881].)
The facts which form the subject matter of the above-captioned action indicate to this court’s satisfaction that the defendant UPS has fulfilled its duty to the plaintiff. Under the circumstances (shipment to a hotel guest) delivery to the bell captain obviated any possible liability on the part of the common carrier. " 'A usage, so long established, uniform and notorious, as to justify the presumption that both parties knew it, becomes a part of the contract, and may determine when the transit is over, and what is a sufficient delivery.’ ” (Brown, op. cit., at 457, citing Gibson v Culver & Brown, 17 Wend 305 [1837].) By the terms of the contract between the plaintiff and defendant delivery only to Ed Dwek was not mandated. Delivery persons are, generally speaking, not permitted access to guest rooms in a hotel. Delivery "at a place safe and reasonable for the consignee [Dwek] to receive them” (13 CJS, Carriers, § 411) terminates the duty owed by United Parcel Service to the plaintiff.
As the issue of liability on the part of the hotel is not before this court there is no need to comment upon it.
Plaintiff’s cross motion for summary judgment is denied. Defendant’s motion has been treated as a request for summary judgment and is granted in all respects.