Hoyt and others *vs.* Sprague and others.

61b 497
59ad 3

The mere assertion, unaccompanied by any other act, of a lien greater in amount than the lienor is entitled to, will not obviate the necessity of a tender; for it may be that the right amount would be accepted; but when there is an absolute refusal to deliver up property unless a claim to which the party is not entitled is discharged, then the law dispenses with the idle ceremony of making a tender which the claimant in advance declares he will not accept, and an action may be brought immediately.

Where a carrier of grain refused, absolutely, to deliver the grain to the consignee, unless the full amount of freight was paid, without any deduction for damages or short delivery; *Held* that the payment of the freight, and the delivery of the grain were to be concurrent in point of time, and the carrier had no right to say that he would retain the goods, until he received a sum he was not entitled to.

*Held, also,* that whether the deductions to which the consignee was entitled, under the bill of lading, were large or small, was not material, where the carrier refused to allow any deductions at all, and claimed to retain the property until the whole freight was paid.

APPEAL by the defendants Sprague and Favill, from a judgment entered on the verdict of a jury.

The action was brought by the plaintiffs, who composed the firm of Jesse Hoyt & Co., of the city of New York, to recover possession of the following goods and chattels of the plaintiffs, wrongfully detained from them by the defendants; that is to say, 5393 32-60ths bushels of spring wheat, part of a cargo of wheat then or lately on board

the canal boat *S. P. Skinner*, of 7480 bushels, being all of said cargo of wheat, except 2086 32-60ths bushels theretofore delivered from said boat to ship, which said wheat was then in the storehouse of C. B. Lockwood & Co., Atlantic Dock, Brooklyn, or part in said storehouse, and part on said boat.

The defendants Sprague, Favill, Bennett and Avery, in their answer, after a denial of each and every allegation of the complaint, except as the same might be thereinafter admitted, alleged that as common carriers they were engaged to transport, and did transport and carry from the port of Oswego to the port of New York, a cargo of wheat, to wit, of 7480 bushels, which were consigned to the plaintiffs That said cargo was duly transported by these defendants, and that by reason thereof these defendants became entitled to and had earned the sum of $1122, freight money; that said freight money was not paid them on the completion of the voyage, and never had been paid them; and that for said freight money they had the right to the possession of said cargo, and still had the right to the possession of the cargo until this freight should be paid. Further, that when the cargo was delivered to them for transportation, the shipper agreed that the sum of $1122 should be paid to them as freight money for said transportation, and the payment was made a condition precedent to the delivery of the cargo to the consignees aforesaid. That when said cargo arrived at the port of New York, these defendants notified the consignees of its arrival, and offered to deliver the same upon the payment of the freight money aforesaid; but the consignees refused to pay the same, or any part thereof. Wherefore these defendants prayed that the plaintiffs be adjudged to return the property, &c.

To this answer, so far as it might be supposed to set up a counter-claim, the plaintiffs replied.

Hoyt *v.* Sprague.

The other defendants, C. B. Lockwood & Co., claiming to hold as warehousemen in the right of Sprague and Favill, did not appear, and were not represented on the trial.

On the trial, it was proved that when the wheat arrived in New York, it was in a damaged condition from leakage through the covering of the boat, and there was a deficiency in the quantity. And the amount of such damage and deficiency were proved. It was also proved, that on the arrival of the boat, with the grain, the defendants Sprague, Favill and Avery were at the plaintiffs' store, and demand was made on them by the plaintiff, Jesse Hoyt, for delivery of the balance of the cargo of wheat, and they refused to deliver the wheat unless the full amount of the charges—the full freight—was paid them, without any deduction for damage or short grain. Mr. Hoyt was ready and offered to pay whatever might be due them by the terms of the bill of lading, or on the bill of lading after deducting for damage and shortage, as might appear. But there was no formal tender of any specific sum. The reply to Mr. Hoyt's offer was, that the defendants would not deliver the wheat as had been agreed upon, unless the plaintiffs paid the freight without any deduction. After this absolute refusal, demand was made on Lockwood & Co., the warehousemen, who declined, on the ground that they had given a warehouse receipt to Sprague and Favill. Then the suit was brought.

The jury, under the charge of the judge, found a verdict for the plaintiffs, assessing the value of the property at $13,341.99; damages for detention, six cents. The counsel for the defendants Sprague, Favill Avery and Bennett, moved for a new trial on the judge's minutes, which was denied, and judgment was entered thereon that the plaintiffs have judgment for the possession of said property, or so much thereof as was delivered to them by the sheriff on the requisition in that behalf, and

for the nominal damages assessed for detention and costs. Sprague and Favill alone appealed.

*Edw. D. McCarthy,* for the appellant.

I. The defendants had a lien on the cargo to the amount of their freight and charges, and the legal right to the possession of the cargo, until this lien was discharged. (2 *Lord Raymond,* 752. 6 *East,* 622. *Stevenson* v. *Blakelock,* 1 *Maule & Selw.* 543. *Chase* v. *Westmore,* 5 *Id.* 186. *Crawshay* v. *Hompray,* 4 *Budd.* 50. *Rushforth* v. *Hadfield,* 6 *East,* 522. *Hunt* v. *Haskell,* 24 *Maine,* 329. *Gledstanes* v. *Allen,* 22 *Eng. L. & E.* 384.)

II. They had a lien also for their advances. (*White* v. *Varm,* 6 *Humph.* 70.)

III. They would have lost their lien if they had given up the cargo to the owner or consignee on his demand. (*Jones* v. *Pearle,* 1 *Strange's R.* 556. *Sweet* v. *Pym,* 1 *East,* 4. 2 *Kent,* 639.)

IV. Neither in this nor in any case can actual delivery of the cargo, as a condition precedent to the payment of freight, be insisted upon; because actual delivery would be a waiver of the lien. To hold the contrary is to hold that the carrier has no lien on the cargo he transports. (*Clark* v. *Masters,* 1 *Bosw.* 177. *Tate* v. *Meek,* 2 *Moore,* 278. *Britton* v. *Barnaby,* 21 *How. U. S.* 527. *Adams* v. *Clark,* 9 *Cush.* 217.)

V. The rule is, that the payment of freight and the actual delivery of cargo, are simultaneous acts, and that neither can be made a condition precedent of the other. (1 *Bosw.* 177.)

VI. All that the carrier can be required to do is, to discharge the cargo, notify the owner, and hold it subject to the owner's order, giving him, of course, the opportunity of inspecting it. These acts amount to constructive delivery.

VII. In the present case the carriers discharged the

cargo, part of it on board the ship *Aleppo*, by direction of the plaintiffs, and the rest of it on storage, with the consent of the plaintiffs, in the warehouse of Lockwood & Company. So they did all that they could do, consistent with the preservation of their lien.

VIII. The carriers lost no rights upon refusing to deliver the cargo before the freight should have been paid, because of their undoubted lien upon it. The fact, though admitted, that the cargo had sustained damage, did not divest them of the right of possession, unless the damage exceeded the amount of freight, or unless there had been a tender of the amount due for freight, less the amount of damages. In fact no tender was made, nor was the damage to the cargo ascertained at the trial. Just such a case as.ours is. (*Allen* v. *Smith*, 12 *C. B., N. S.* 637.)

IX. A lien is a special ownership. The carriers were and are owners of this cargo, to the value of their freight and charges. The demand for freight, &c., is, therefore, an act of ownership, and noways inconsistent with the lien that constitutes such ownership. But the court below held that the carriers, by asserting their undoubted lien, forfeited it.

X. What the carriers demanded, was simply what, *prima facie*, the bill of lading gave them. The amount of damage was unknown, unliquidated ; may have been a nominal sum merely. If the plaintiff assumed that this amount was equal to, or in excess of freight, which he did in effect, by bringing this action, without having first made a tender, he assumed all risks.

XI. Suppose, for argument, that the damage to this cargo amounted to $500, which the plaintiffs might deduct for freight, still there would be due $700, and a lien for that amount would still be perfect.

XII. Clearly, the carriers had a lien on this cargo, and still have it, unless the damage was equal to, or in excess of freight. To hold otherwise, is to hold that any casualty

during the voyage, which produces damage, of itself works a forfeiture of the carriers' lien.

XIII. The defendants did not waive their right to a tender, if, at the time they refused to deliver the cargo, their lien subsisted upon it, for any amount whatever. If they had still a lien, though for an uncertain amount, the effect of a tender would have been to put in definite figures what was before indefinite, and thus to equalize the risks of both parties. It would have been as unjust to compel the carriers to deliver the cargo before any freight was paid, as to compel the owner to pay the freight before the cargo was delivered. And when the carriers refused to deliver before the entire amount of freight was paid, they only did what the owner had already done, in having demanded the cargo, before making or tendering payment of any freight. A tender would have clearly defined the position of the parties.

XIV. A tender would, in this case, have been a hypothetical statement, by the owner, of the difference between damages and freight, and, if made, might have been accepted. Because no tender was made, the owner assumed that his damages were equal to, or in excess of, freight, and if he failed to establish this assumption on the trial, he made no case for judgment of possession.

XV. Moreover, the owner was in no condition to make a tender, nor had he thought of such a thing. A party to a controversy will not be held to have waived a privilege which his opponent never thought of giving him. That the loose and uncertain offer of the plaintiff was not a tender, there is authority. (*Dunham* v. *Jackson,* 6 *Wend.* 22, 33. *Strong* v. *Blake,* 46 *Barb.* 227.)

XVI. In no case can there be a waiver of tender, unless there has been an offer to produce and to pay a definite sum. And even then, the bare refusal to receive the sum proposed, because it is not large enough, is not a waiver. (*Thomas* v. *Evans,* 10 *East,* 101; 7 *Moore,* 59. *Dunham* v.

Hoyt *v.* Sprague.

*Jackson, supra. Bakeman* v. *Pooler,* 15 *Wend.* 637. *Allen* v. *Smith,* 12 *C. B., N. S.* 638. *Adam* v. *Clark,* 9 *Cush.* 217.)

XVII. So far from the plaintiff having made a tender of payment of freight, he did not, in a legal sense, offer payment. His promise to pay the carriers the balance of freight, after he had deducted damages at his own estimate, meanwhile taking the cargo and sacrificing the carriers' lien, called for no reply at all.

XVIII. There was no tender, or waiver of tender, and, therefore, no forfeiture of the lien. A demand, in excess of what may be due, if not inconsistent with the lien, is no forfeiture of the lien. This has been decided over and over again, and to hold any other, or the contrary principle, would defeat altogether the efficacy of liens of carriers. Here, indeed, the carrier demanded his entire freight, but certainly he was entitled to some freight. Moreover, the damages against him were unknown, and may have been nominal merely. It is no worse to say that the damages were nominal, than that they were equal to, or in excess of, freight. The carrier was entitled to a tender, as he is now entitled to possession.

XIX. No dispute can arise about the terms of the bill of lading, unless the owner contends that the words "damages to be deducted out of the freight," were an express waiver of the carriers' lien. This he will hardly do; and otherwise the above considerations are just as applicable as if these words were not in the bill of lading. The judgment should be reversed, and the defendants should have judgment absolute for the value of the property.

*C. Van Santvoord,* for the respondents.

I. The freezing of the canal did not discharge the carrier from the obligation to take due and proper care of the wheat on board the boat during its detention, and on the removal of this obstruction, to carry the wheat to New York and deliver it there in fulfillment of his con-

tract in the bill of lading. (*Parsons* v. *Hardy*, 14 *Wend.* 215. *King* v. *Shepherd*, 3 *Story C. C. R.*, 351, 358, 359. *Rich* v. *Lambert*, 12 *How. U. S.* 347. *The Maggie Hammond*, 9 *Wall. U. S.* 435, *at* 459.)

II. The lien of a carrier, for his freight, gives him no property in the thing, but it is merely a right to retain possession as security for freight due him, (*Wills* v. *Sears*, 1 *Black*, *U. S.* 108; *Britten* v. *Barnaby*, 21 *How. U. S.* 527;) and this right, which may be waived or discharged by his acts, or lost by a conversion of the goods, without a tender being made, (*Jones* v. *Cliff*, 1 *Cr. & Mee*, 540,) or by abuse of it, (*Scott* v. *Newington*, 1 *Mood. & Rob.* 252,) cannot be extended to authorize a retainer of possession for freight not due; nor can it legally be used to enforce payment of an excessive demand.

III. The wheat having sustained serious damage in transit, of which the carriers had notice, and the damage having been caused, as found by the jury, by the negligence and fault of the carrier, the absolute refusal, on demand, to deliver the wheat without payment of the full freight, without deduction for damage to the wheat, notwithstanding the plaintiffs' offer to pay the amount due, after deduction for damage and short delivery, as might appear, according to the terms of the bill of lading, dispensed with the necessity of formal tender of any specific sum which might be due on a proper deduction, and operated as a waiver of, and discharged any lien for, a less amount which might be due, and entitled the plaintiffs to bring this action for the wrongful detention. (*Jones* v. *Tarleton*, 9 *Mees. & Welsb.* 675.) The refusal in that case, as in ours, was equivalent to saying to the plaintiff, do what you will, tender what you will, less than the amount demanded, we will not receive it and deliver the goods. (*Adams* v. *Clark*, 9 *Cush.* 215. *Bristol* v. *Burt*, 7 *John.* 254, 257, 258. *Thompson* v. *Rose*, 16 *Conn.* 71, 84, 85. *The Norway, Brown. & Lush.* 409.) *See also Stone* v. *Sprague*.

Hoyt *v.* Sprague.

(20 *Barb.* 509,) to the point that an absolute refusal to do the act in consideration of which the money is to be paid, is a waiver of a strictly legal tender. (*Dana* v. *Fiedler.* 1 *E. D. Smith,* 463, 480.)

IV. There was, therefore, no error in the charge of the judge, as to the effect of such refusal on demand; and the exception thereto was not well taken.

V. The exception on denial to dismiss the complaint, and the exceptions to refusal to charge the defendants' 1st, 2d, 3d, 4th, 5th and 10th requests are founded on the assertion of an existing lien by the defendants, notwithstanding the refusal to deliver the wheat without payment of an excessive demand, or on refusals to charge in conformity to requests, controverting in whole or in part the effect of the refusal of the defendants on the demand made by the plaintiffs, as charged by the judge. It is submitted that there is nothing in these, or any other exception of the defendants.

*By the Court,* CARDOZO, J. *Allen* v. *Smith,* (12 *Com. B. R., N. S.,* 638,) relied on by the defendants, is certainly an authority in their favor, but I think it cannot be sustained, to its full extent. It certainly is not in accordance with the rule laid down by the privy council in *The Norway,* (1 *Browning & Lushrington,* 409,) in which *Allen* v. *Smith* was cited, and must therefore be deemed overruled, so far as it conflicts with the later case.

In the *Norway,* the court, through Sir Edward Vaughan, said : "If the demand of the larger sum was so made that it amounted to an announcement by the master that it was useless to tender any smaller sum, for that if tendered it would be refused, that would amount to a dispensation with any tender, generally speaking." In that case, it appeared that the plaintiffs had resolved not to tender the whole amount which the court held the defendants were entitled to ; and speaking of that fact, the

---

Hoyt *v.* Sprague.

judge proceeded to say : "However, we are not prepared to hold .that this varies the ordinary. rule which we have stated, as to dispensing with the tender altogether, by announcing that it will be useless to tender anything less than the wrongfully large amount insisted on."

In this case there was an absolute refusal to deliver the wheat, unless the full amount of freight was paid. The payment of the freight and the delivery of the goods, are to be concurrent in point of time, and the carrier had no right to say that he would retain the goods till he received a sum he was not entitled to. Whether the deductions to which the plaintiffs were entitled under the bill of lading were large or small, is not material, because the carrier refused to allow any deductions at all, and claimed to retain the property until the whole freight was paid.

The true rule I take to be this : that the mere assertion, unaccompanied by any other act, of a lien greater in amount than the lienor is entitled to, will not obviate the necessity of a tender ; for it may be that the right amount would be accepted ; but when, as here, there is an absolute refusal to deliver up property unless a claim to which the party is not entitled is discharged, so that it appears that the lien claimant says, in effect, do what you will ; tender any amount you please ; unless it be the whole of my unlawful demand, I will not accept it, nor surrender your property ; then the law dispenses with the idle ceremony of making a tender which the claimant, in advance, declares he will not accept, and an action may be brought immediately.

I think the judgment should be affirmed.

[First Department, General Term, at New York, January 1, 1872. *Ingraham*, P. J., and *Cardozo*, Justice.]