(59 App. Div. 1.)

### ALLEN v. CORBY.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

LIENS—TENDER—DEMAND OF EXCESSIVE AMOUNT—INSTRUCTIONS.

In an action to recover possession of a horse from a lienee, who refused to deliver possession till some $200 were paid him, whereas his lien amounted to much less, a requested instruction that "if defendant demanded $221, and the jury find that he held a lien for only $8.50 or $58.50, either one, that was an unreasonable demand, and there was no necessity for a tender," should have been given.

Appeal from Kings county court.

Action by Charles M. Allen against Charles T. Corby. From a judgment in favor of defendant and an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Wayland E. Benjamin, for appellant.
Gilbert W. Minor, for respondent.

WOODWARD, J. This is an action brought to recover possession of a horse, wagon, and harness of the value of $150, title to

which, upon the trial, was admitted to be in the plaintiff. At the time plaintiff purchased this property of the Leahy & O'Brien Furniture Company it was in the possession of the defendant, who set up in his answer, as a separate defense, a lien for stabling the horse, and storing the wagon and harness, to the extent of $225. Upon the trial the jury found a verdict in favor of the defendant for $29.25, and from the judgment entered, and from an order denying a motion for a new trial upon the minutes, appeal is made to this court.

It developed upon the trial that the plaintiff, at the time of making the purchase, knew that something was due to the defendant for the keeping of the horse and equipment, which amount he understood to be about $8.50. This, through his attorney, he offered to pay, but was met on the part of the defendant with a bill made up of various charges, some of which could not have been liens upon the property of the plaintiff, aggregating something over $200, and an absolute refusal to deliver the property except upon the payment of the entire bill. There was a conflict of evidence upon the question of a tender having been actually made, though the defendant himself admits that plaintiff's attorney came to him proposing to liquidate the claim of the latter. Plaintiff's attorney requested the trial judge to charge the jury that "if the defendant demanded $221, and the jury find that he held a lien only for $8.50 or $58.50, either one, that was an unreasonable demand, and there was no necessity for a tender." The court responded: "I think not; the burden was the other way, because you allege he had a lien." It nowhere appears that the plaintiff had made any such allegation, and, if he had, we are unable to discover its relevancy to the request of the plaintiff. While it was no doubt incumbent on the plaintiff to show that he had offered to discharge any lien which the defendant might have upon his property, yet the law does not hold to the doing of a vain thing. It calls for fair dealing, and asks of each party that he shall give the other plainly to understand just what position he takes, and just what he means to do, if the other acts this way or that. If that is beyond all doubt effected, the law does not exact that it be reached in a prescribed and exact method. Lawrence v. Miller, 86 N. Y. 131, 137. If the defendant undertook to demand of the plaintiff a sum which he had no lawful right to exact, refusing to deliver the property except upon condition of the payment of this sum, it was not necessary to make an actual physical tender of the amount of the lien. Hoyt v. Sprague, 61 Barb. 497, 506; Baumann v. Pinckney, 118 N. Y. 604, 616, 23 N. E. 916, and authorities there cited. When the plaintiff, through his attorney, visited the defendant, and offered to pay the amount of the lien, it was the duty of the latter to have discovered to the plaintiff the amount of defendant's claim which was legally a lien upon the property involved, and if the jury found that the demand of the defendant was in excess of the lien it was so far an unreasonable demand as to make an actual tender unnecessary. The defendant admits that he refused to restore the property. He says:

"I remember some gentleman calling who claimed to have a bill of sale. Very likely he made a demand on me for the property. When he made the

demand, I relied ·upon my right of lien. I refused to entertain it; it was mine by law. I said the reason why I wouldn't give it was I had a prior claim. All I said was that I had a lien on it by virtue of being a stable keeper. I don't know as I told him the amount. I don't remember whether he made any inquiries as to the amount due for my lien. I had no interest in the transaction. I paid no attention to him."

It is very evident from the evidence that the defendant undertook to force the plaintiff to pay, not only the lien which existed, but various other claims which the defendant held against the Leahy & O'Brien Company, which had formerly owned the property. This the jury has practically found by its verdict for $29.50 in favor of the defendant, and we are of opinion, under the circumstances of this case, the defendant having failed to disclose to the plaintiff, who was not in a position to know, the amount of the lien, that the jury should have been charged as requested. The defendant could not refuse to disclose the exact amount due under the lien, and make a demand for a sum largely in excess of that amount, and then be protected in his wrong by the fact that an actual tender of the sum due was not made.

The judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event. All concur.