ISAAC DOUGLAS, APPELLANT, V. HAYES COUNTY ET AL.,
APPELLEES.

FILED NOVEMBER 6, 1908.  No. 15,304.

1. **Tax Sale:** REDEMPTION. In redeeming from a judicial sale of land made for delinquent taxes, the purchaser is entitled to receive the amount bid at the sale with interest.

2. ———: ———: TENDER. Redemption from such a sale must be made or offered within two years from the sale. If the purchaser refuses to allow redemption to be made, the party wishing to redeem should tender the purchaser the amount necessary therefor, unless the purchaser by his conduct waives a formal tender.

3. ———: ———: ———: WAIVER. A formal tender is waived by the refusal of the purchaser to receive anything less than an amount which is larger than that to which he is entitled.

4. ———: ———: LIMITATIONS. If the purchaser refuses to allow redemption to be made on legal terms, a cause of action for that purpose arises in favor of the owner or party interested, which may be brought and prosecuted at any time before being barred by the general statute of limitations.

5. ———: ———. The owner of real estate who conveys the same by deed of general warranty after a sale thereof for delinquent taxes has such an interest in the land as entitles him to redeem from the tax sale.

APPEAL from the district court for Hayes county: LESLIE G. HURD, JUDGE. *Reversed.*

*W. S. Morlan,* for appellant.

*M. F. Harrington* and *C. A. Ready,* contra.

DUFFIE, C.

On the 18th day of December, 1901, the county of Hayes commenced an action in the district court against Eunice M. Cowles and others to foreclose a tax lien on the south half of the northwest quarter and the north half of the southwest quarter of section 13, township 6 north, of

40

range 33, in said county. Such proceedings were had in that action that a decree was entered finding due the county for delinquent taxes and interest the sum of $63.76, and directing that an order of sale issue and the land be sold to satisfy the amount of the decree, with interest and costs. June 3, 1902, the sheriff returned the order of sale, reciting that after due notice a sale of the land had been made to Jane Hudson for the sum of $152. This sale was confirmed by an order of the district court entered on the 22d day of September, 1902, and on the 10th day of March, 1903, the sheriff executed and delivered to Jane Hudson, the purchaser, a deed to the land, which has been recorded in the recorder's office of Hayes county.

The petition in the present action, after reciting the foregoing facts, further alleges that Eunice M. Cowles was on the 18th of December, 1901, the owner in fee of the land above described, and that on January 2, 1903, she conveyed the same by deed of general warranty to the plaintiff in this action; that on March 31, 1903, the said Eunice M. Cowles made an attempt to redeem from the sale, which was refused by Mrs. Hudson. The prayer of the petition was for an accounting and that the plaintiff be allowed to redeem from the sale. The defendants, Jane Hudson and the county of Hayes, interposed a demurrer to the petition, which was sustained by the district court, and, the plaintiff refusing to amend, his petition was dismissed and judgment for costs entered against him. Plaintiff has appealed.

The sheriff sold the land June 2, 1902, and confirmation of the sale was made September 22, 1902. Whether we accept the date of the bid received by the sheriff or the date of the confirmation entered by the court as the consummated sale, the attempt to redeem made by Mrs. Cowles March 31, 1903, was within the two years given by the constitution to redeem from tax sales, and was effective as a redemption, provided Mrs. Cowles made sufficient tender and had a sufficient interest in the land at that date to entitle her to redeem. It is insisted that Mrs.

Cowles had no right of redemption after parting with her title to the plaintiff in January, 1903. Defendants evidently overlooked the allegations of the petition, which alleges that Mrs. Cowles conveyed to the plaintiff by deed of general warranty. Under these circumstances she was still interested in the title. She was liable to the plaintiff on her warranty, and this liability undoubtedly gave her the right to protect the title and to redeem from an outstanding tax sale. *Jackson Milling Co. v. Scott,* 130 Wis. 267. The constitution (sec. 3, art. IX) gives not only the owner, but any person interested in real estate, the right to redeem within two years from a sale made for delinquent taxes. The former owner who has conveyed real estate by deed of general warranty is interested in the title, and may redeem from a sale made for taxes to protect himself from liability on his warranty of title.

The sheriff's return shows that he sold the land to Mrs. Hudson for $152. The amount of taxes and interest due on the land, as found by the decree, was $63.76, the costs of sale were $23.50, as shown by the return, but the court costs made on the foreclosure proceedings nowhere appear. Defendants assert with much confidence that the offer to redeem was ineffectual for the reason that the petition does not show that Mrs. Cowles tendered the amount to which Mrs. Hudson was entitled. The petition contains two allegations relating to an attempted redemption from the sale. It is first alleged: "On the 31st day of March, 1903, the said Eunice M. Cowles tendered to the said Jane Hudson, and offered to pay, all the taxes, penalties, interest and costs to which the said Jane Hudson was entitled by reason of the supposed tax foreclosure proceedings, which the said Jane Hudson refused to accept, claiming, among other things, that she should be reimbursed, in addition to the amount of taxes levied and assessed against said land, interest, penalties and all costs, the attorney's fee in foreclosing said claimed tax lien and sale thereunder." We have heretofore held that the purchaser of real estate at a judicial sale had for taxes is entitled on

redemption to receive the amount for which the land was sold, with interest thereon. *Wood v. Speck,* 78 Neb. 435; *Butler v. Libe,* 81 Neb. 740. As this plea shows a tender of the amount of "the taxes, penalties, interest and costs" only, and the land was sold for an amount largely in excess of the delinquent taxes thereon, it is clear that the tender was ineffectual, unless the action of Mrs. Hudson in relation thereto must be held to be a waiver of a technical tender by the plaintiff, and this question will presently receive attention.

The second allegation is in the following language: "On the 31st day of March, 1903, a tender of all legal demands and claims on account of said tax sale was made to the said Jane Hudson, and this plaintiff is now willing to pay, or bring into court and pay to the person or persons entitled thereto, all legal claims and demands which the said county of Hayes has or had against said land, or that the said Jane Hudson has or had against said premises for taxes, interest and proper charges, and said tender this plaintiff has continued to make and has been anxious and ready to pay." Whether these several statements in the petition relate to two attempts made to redeem on March 31, 1903, we are not advised by any allegation in the petition, and the question arises whether either or both contain a sufficient plea of tender. We cannot say that the allegations relating to a tender are wholly a legal conclusion; but, even if they are, no objection to this form of the plea of tender is made by the defendants. It would have been better had the pleader set forth in his petition the amount which he tendered by way of redemption; but, the form of the plea not being attacked, we must consider any informality relating thereto waived. Had objection been made that the plea of tender was insufficient in form, the plaintiff could have amended by setting out the amount which he offered in redemption, and this he undoubtedly would have done. He should not be foreclosed on a question not raised or considered.

There is another reason which moves us to disregard

any objections which might be made to the sufficiency of the plea of the tender. The district court evidently sustained the demurrer interposed to the petition upon the ground that Eunice M. Cowles had no redeemable interest in the land, having parted with her title previous to the tender. This we gather from the briefs of counsel, where, as before stated, no objection to the form of the plea is made; the sole objection being to the sufficiency of the amount tendered. There are numerous cases to the effect that "a tender is waived by the refusal of the creditor to receive anything less than an amount which is larger than that to which he is entitled." 28 Am. & Eng. Ency. Law (2d ed.), p. 7; *Allen v. Corby*, 69 N. Y. Supp. 7.

It is entirely clear that Mrs. Hudson was not entitled to ask or demand an attorney fee for the foreclosure of the tax lien, by way of redemption from the sale, and, as said in *Allen v. Corby, supra:* "If the defendant undertook to demand of the plaintiff a sum which he had no lawful right to exact, refusing to deliver the property except upon condition of the payment of this sum, it was not necessary to make an actual physical tender of the amount of the lien."

If as we must conclude from the allegations of the petition, a sufficient tender was made to Mrs. Hudson to entitle the plaintiff to redeem, or if Mrs. Hudson, by making an unfounded demand in addition to what she was justly entitled to receive, waived a strict tender of the amount due her by way of redemption, then a cause of action arose in favor of the plaintiff, entitling him to seek the aid of the court to enforce his right of redemption. This right of action arose in favor of the plaintiff when his tender was refused or the circumstances of the case made a strict tender unnecessary, and the statute of limitations would not run against such action until four years from the time within which it might be brought. We are of the opinion that the facts stated in the petition entitle the plaintiff to redeem, and that, if these facts are established by the evidence, the decree should go in his favor.

We recommend a reversal of the judgment appealed from and remanding the cause for further proceedings.

Good, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.