BANET GLASSER, Plaintiff, *v.* MARGARET J. LOUGHRAN, Defendant.

(Supreme Court, Queens Equity Term, March, 1918.)

Specific performance — action to compel — when specific performance will not be decreed — title — tender — contracts — real property.

Where in an action to compel as a matter of strict legal right specific performance of a contract to convey real estate it appears that a search of the title revealed that there were taxes and assessments for public improvements against the property and existing liens thereon in an amount exceeding the agreed purchase price; that while defendant knew that the taxes were due she had no actual notice of the levying of the assessments and upon discovery of these facts tendered back

to plaintiff the amount received on account of the purchase price and also the amount of plaintiff's expenses in searching the title; that plaintiff not only refused such tender but upon a tender of the full amount of the purchase price demanded the deed of conveyance called for by the contract, which defendant refused to execute and deliver on the ground that she could not pay the assessments because she did not have the money with which to do it, the court will not decree specific performance when it knows in advance that the decree cannot be complied with.

ACTION to compel the specific performance of a contract.

Armin Kohn, for plaintiff.

Sidney Palmer, for defendant.

KELBY, J.   On March 15, 1917, plaintiff and defendant entered into a written agreement, whereby plaintiff agreed to buy and defendant agreed to sell certain property in Queens county.   On the execution of the agreement plaintiff paid to the defendant the sum of fifty dollars, as provided in said agreement.   Plaintiff then had the title searched, which search revealed that there were taxes and assessments against the real property and existing liens thereon in an amount exceeding the amount of the purchase price provided for by the agreement.   The defendant knew of the taxes that were due, but I find now she knew nothing of the existence of the assessments.   The assessments were large, for public improvements, and, while she may have had legal notice, I am convinced she had no actual notice of the levying of the assessments.   Upon discovery of these facts the defendant tendered back to the plaintiff the fifty dollars which she had received on account of the purchase money and also tendered the amount of the expenses incurred by the plaintiff in searching the

title. This tender was refused by the plaintiff. The plaintiff tendered the full amount of the purchase price and demanded the conveyance called for in the contract. The defendant refused to execute and deliver said conveyance, on the ground that she could not pay the assessment because she did not have the money with which to do it. The plaintiff, having declined the tender of his money back and the expenses to which he was put, is now in court asking for specific performance of the contract as a matter of strict right. No attempt has been made to ask for money damages by showing that the plaintiff lost a bargain and asking for money damages to recompense him for the bargain lost. The defendant is an old lady, living with her daughter who is a school teacher. The mother was unable to attend to these business affairs personally, and they were transacted through the daughter and a lawyer. Aside from the property in Queens county, which was the subject of the contract, the mother owns and lives in a house in Brooklyn, with her daughter, which house is covered by a mortgage which may be at any time foreclosed and which has not been foreclosed solely by reason of the forbearance of the mortgagee. I find as a fact that it is not within the power of the vendor, the defendant, to remove the said lien, of the assessments, by payment. The court will not make a vain decree for specific performance when it knows in advance that the decree cannot be complied with. The remedy of specific performance is one founded largely in an honest, legal discretion, and is not a remedy based upon strict legal right. In the case of *Gotthelf* v. *Stranahan,* 138 N. Y. 345, 351, which was a case somewhat similar to the one at bar, the court say: " But even if the contract by its true interpretation imposes upon the defendant the legal obligation to pay the assessment, this is not decisive of the right

of the plaintiff to relief by way of specific performance. This equitable remedy cannot be claimed as a matter of right. It is discretionary with the court to grant or withhold it in furtherance of justice, or to prevent injustice. Where by reason of circumstances attending the making of the contract, such as fraud, accident, mistake, or where unconscionable advantage has been taken, or where by reason of circumstances which have intervened between the making of the contract and the bringing of the action, the enforcement of the equitable remedy would be inequitable and produce results not within the intent or understanding of the parties when the bargain was made, and there has been no inexcusable *laches* or inattention by the party resisting performance, in not foreseeing and providing for contingencies which have subsequently arisen, the court may and will refuse to specifically enforce the contract, and will leave the party to his legal remedy." See, also, *Willard* v. *Tayloe,* 8 Wall. 564. Judgment for the defendant, without costs.

Judgment for defendant, without costs.