SAMUEL GREENE, Appellant, v. BARRETT, NEPHEWS &
Co. OLD STATEN ISLAND DYEING ESTABLISHMENT et al.,
Respondents.

**Vendor and purchaser — action by vendee to recover back
money paid upon a contract for the sale of property — when
title unmarketable because vendors failed to secure consents
of landlords to assignment of leases to vendee — when such
action not one for damages but one for the repayment of
money advanced on account of purchase price —proof of
tender of balance of purchase price, or demand, by vendee
not required.**

1. Plaintiff and defendant entered into a written agreement by
which the latter, which operated a chain of stores, agreed to convey
to plaintiff its business with its good will, real estate and assets of
every nature.   Among these assets were the leases of twenty-four
stores, all used in the business of defendant.   On the day fixed for
closing the transaction the defendant had not obtained, nor requested,
the consent of its various landlords to the assignments of the leases
to the plaintiff, a consent that the leases required.   Plaintiff brings this
action alleging that he had paid a designated sum on account of the
purchase price; that he was entitled to a credit for another sum which
he had paid on a former transaction; that he had paid counsel fees
in connection with this matter and incurred expenses in searching
title, and asks judgment for the aggregate amount thereof.   He
further asks that such aggregate amount be declared a lien upon the
premises covered by the complaint.   Upon the trial the plaintiff's
counsel stated that this was " an action to recover the earnest moneys
paid on account of a contract of purchase and sale " and for a declara-
tion of a vendee's lien on the defendant's property; that plaintiff was
not suing for damages and, therefore, no proof of tender of the balance
of the purchase price was necessary.   This seems to have been
assented to by defendant.   It is too late to claim that in fact this was
an action for damages, and, therefore, it was not necessary for the
plaintiff to show   that on the closing day he was able, ready and
willing to complete the contract, or that he made any tender to the
defendant, or any demand upon it.   The trial judge was in error when
he allowed a recovery for money paid by plaintiff in the previous
transaction.

2. The title tendered by the defendant was not marketable. The contract of sale was never so modified as to release the defendant from the obligation to obtain the consents for the assignments of the leases, nor did the plaintiff ever waive this requirement. This defect was so material that the plaintiff was justified in refusing to accept the title tendered by defendant.

*Greene* v. *Barrett, Nephews & Co.*, 206 App. Div. 400, reversed.

(Argued April 9, 1924; decided May 13, 1924.)

APPEAL from a judgment, entered February 5, 1924, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

*Samuel Seabury, Maxwell C. Katz* and *Otto C. Sommerich* for appellant. The leases of the stores containing a clause forbidding an assignment without the landlord's consent, it was incumbent upon the defendants to obtain such consent. (*Lloyd* v. *Crispe*, 5 Taunt. 249; *Mason* v. *Corder*, 7 Taunt. 9; *Austin* v. *Harris*, 10 Gray, 296; *Fischer* v. *Sharpe*, 5 Daly, 214; *Liebman's Sons Brewing Co.* v. *Lanter*, 73 App. Div. 183; McAdam on Landl. & Ten. 144; *Riggs* v. *Pursell*, 66 N. Y. 193; *Lane* v. *Spiegel*, 117 N. Y. Supp. 262, 265; *Kramer* v. *Amberg*, 53 Hun, 427; *Wagner* v. *Van Schaick Realty Co.*, 163 App. Div. 632; *Herzig* v. *Blumenkrohn*, 122 App. Div. 756.) In view of the fact that defendants' title was not marketable by reason of defects which existed at the time of the closing and now exist and which were not remediable or claimed to be remediable and which defendants refused to remedy, it was not incumbent upon plaintiff to prove tender or ability to complete. (*Roberts* v. *N. Y. Life Ins. Co.*, 195 App. Div. 97; 233 N. Y. 639; *Goodman* v. *Marx*, 234 N. Y. 172; *Morange* v. *Morris*, 32 How. Pr. 178; *Bigler* v. *Morgan*, 77 N. Y. 312; *Graves* v. *White*, 87 N. Y. 463; *Zorn* v. *McParland*, 8 Misc. Rep. 126; *Marshall* v. *Weinninger*, 20 Misc. Rep. 527; *Mines* v. *Hilton*, 15 App.

Div. 55.)   The title offered by the defendants not being reasonably free from doubt plaintiff properly rejected. title.   (*Ferri* v. *Taylor*, 203 App. Div. 719; *Cerf* v. *Diener*, 210 N. Y. 156; *C. P. Assn.* v. *Gourand*, 224 N. Y. 343; *Moore* v. *Williams*, 115 N. Y. 586; *Methodist Episcopal Church Home* v. *Thompson*, 108 N. Y. 618; *Brokaw* v. *Duffy*, 165 N. Y. 391; *Lowenfeld* v. *Ditchett*, 114 App. Div. 56; *Brody & Co.* v. *Hochstadter*, 143 N. Y. Supp. 72, 74, 75; *Greenblatt* v. *Heermann*, 144 N. Y. 13; *Hening* v. *Smith*, 151 N. Y. Supp. 444.)   The trial court properly allowed plaintiff the sum of $10,000 cash theretofore paid to defendants.   (*Brundage* v. *Vil. of Port Chester*, 102 N. Y. 494; *Miller* v. *Schloss*, 159 App. Div. 704; *Hand* v. *Gas Engine & Power Co.*, 167 N. Y. 142; *Bulkley* v. *Dayton*, 14 Johns. 387; *People* v. *Keyser*, 28 N. Y. 226.)

*Alfred T. Davison* and *James K. Foster* for respondents. Tender of performance on the part of the vendee is only excused where " the vendor has absolutely disabled himself from performing on his part."   (*Higgins* v. *Eagleton*, 155 N. Y. 466; *Ziehen* v. *Smith*, 148 N. Y. 558.)   It was not incumbent upon the defendants to obtain consents of landlords to the assignments of leases.   (*Liebmann's Sons Brewing Co.* v. *Lauter*, 73 App. Div. 183; *Chautauqua Assembly* v. *Alling*, 46 Hun, 582; *Storms* v. *Manhattan R. Co.*, 77 App. Div. 94; 178 N. Y. 493; *Gallagan & Co.* v. *P. S. M., Inc.*, 116 Misc. Rep. 754; *Lane* v. *Speigel*, 117 N. Y. Supp. 262; *Dierig* v. *Callahan*, 35 Misc. Rep. 30; *Murray* v. *Harway*, 56 N. Y. 337.)   No consents of landlords were necessary in this case.   (*Galligan & Co., Inc.*, v. *P. S. M., Inc.*, 116 Misc. Rep. 754; *Kramer* v. *Amberg*, 53 Hun, 427; *Weinman* v. *Traynor*, 114 Misc. Rep. 403; *Johnson* v. *Lehigh Valley Traction Co.*, 130 Fed. Rep. 932; *Presby* v. *Benjamin*, 169 N. Y. 377.)

ANDREWS, J.   We have first to determine the nature of this action.   Is it one for damages for a breach of

14

contract or is it one where because of the failure of the defendant to fulfill its obligations the plaintiff seeks to recover payments advanced in the expectation that these obligations would be performed and to impress a lien on the subject-matter of the contract to secure such recovery. This distinction is here fundamental for if the action is for damages the plaintiff failed to show as he must that he himself has done what he was required to do.

The controversy relates to a written agreement for the purchase and sale of the defendant's business with its good will, real estate and assets of every nature. On account of the purchase price the complaint alleges the plaintiff paid $40,000. On the day fixed for closing the transaction, however, the defendant was unable and still is unable to deliver a marketable title to the property which the plaintiff had agreed to buy. But it is also alleged that the plaintiff was entitled to a credit of $10,000, money which he had paid on a former transaction, that he paid $6,000 as counsel fees in connection with this matter and incurred expenses amounting to $1,125.55 in searching the title and he asks judgment not for $40,000 but for $57,122.55 and further that such amount be declared a lien on the premises covered by the contract. He also alleges that at the time fixed he was able, ready and willing to complete the same and that he tendered to the defendant the balance due thereon. At the best the complaint is ambiguous but however ambiguous, there can be no dispute as to the theory upon which the case was tried. In opening the counsel for the plaintiff said that this was " an action to recover the earnest moneys paid on account of a contract of purchase and sale," and for the declaration of a vendee's lien on the defendant's plant. He further expressly claimed he was not suing for damages and, therefore, no proof of tender of the balance of the purchase price was necessary. Not only did this evoke no criticism by the defendant but it seems to have assented to the statement

for during the trial the claims for $1,125.55 and for $6,000 were withdrawn, the former under the objection of the defendant that this being an action to impress a lien the item was improper. In the affidavits used on a motion for an extra allowance both parties agreed that the action was " to enforce a lien for contracts alleged to have been made on account of the purchase price." Such was the understanding of the trial judge. It is now too late to claim that in fact this was an action for damages. The trial judge was clearly in error when he allowed a recovery for the $10,000 to be credited to the plaintiff, instead of restricting such recovery to $40,000. But he considered the $10,000 as cash paid in advance.

If this be the nature of the action under the circumstances as developed it was not necessary for the plaintiff to show that on the closing day he was able, ready and willing to complete the contract or that he made any tender to the defendant or any demand upon it. Giving certain dicta (*Ziehen* v. *Smith*, 148 N. Y. 558; *Higgins* v. *Eagleton*, 155 N. Y. 466), that the mere existence on the closing day of an incumbrance on the property to be conveyed which it is in the power of the vendor to remove does not excuse tender and demand, their fullest effect; assuming that statement is applicable to a contract of sale relating but in part to real estate, where the alleged defect relates to personalty, we cannot say that where a lease, which contains a covenant against assignment, is to be assigned the assignor has the power to obtain this consent. The landlord may or may not give it.

The findings of the Appellate Division are to the effect that on November 15, 1920, the plaintiff agreed to purchase and the defendant to sell for about $410,000 " by good and sufficient bills of sale and deeds with full covenants and warranties free and clear of incumbrances whatsoever * * * the real estate, plant, tools, machines, machinery, fixtures * * * leases, trade marks, trade names * * * good will, stock of

materials, etc., and any and all other assets belonging and /or used in the business " of the defendant. The latter was a corporation the general nature of whose activities may be inferred from its name. Among the assets to be transferred were 24 leases of stores, one in Philadelphia, one in Boston and the rest in New York, all used in the business of the defendant. These leases expired on dates extending from May 1st, 1921, to September 30, 1925. The annual rentals ran from $322 to $14,000 and represented a total annual expenditure of $83,542. They all were in favor of the defendant and all except one contained a covenant that they should not be assigned without the written consent of the landlord under penalty of re-entry by him. The transaction was to be effected on September 2, 1921. On that date the defendant tendered to the plaintiff various documents transferring title to him and among them assignments of these leases. The consent of the various landlords to these assignments, however, had neither been obtained nor requested by the defendant. The contract was never so modified as to release the defendant from the obligation to obtain the consents were it obligated to do so, nor did the plaintiff ever waive this requirement. On this ground, among others, the plaintiff refused to accept the various transfers. He had already paid $40,000 on the purchase price. There is no finding that the defendant offered to obtain these consents or that it has them now or could obtain them.

Whatever technical word may properly describe the transfer of any particular asset, a reasonable construction of the agreement requires us to hold that the plaintiff was to receive a marketable title thereto. These leases might be assigned. The title to them would undoubtedly pass to the assignee but it was title subject to the infirmity that by the assignment itself a right of re-entry was created in the landlords. The assignee obtained nothing substantial if the landlords chose to exercise their rights.

It may be that here was not strictly an " incumbrance " but at least it would not be a " good and sufficient " assignment and these words must apply to any instrument of transfer of the personalty.    It is far from a marketable title.    Such a title was to be furnished.    We must hold also as a matter of law that in view of the purpose of the whole transaction, the amount involved as compared to the annual rent reserved, and the number of the leases, the defect was so material as to justify the plaintiff in his refusal to proceed.

Other questions have been argued by the defendant. We have considered them but they do not change our conclusions.

The judgment of the Appellate Division must be reversed and judgment entered for the plaintiff on the findings made by that court to the effect that the plaintiff have judgment against the defendants in the sum of $40,000 with interest from September 2, 1921, without costs; that such judgment be and the same hereby is enforced as a lien against all the real estate and personal property described in the complaint in favor of the plaintiff, and that the premises may be sold at public auction in accordance with the rules and practice of the Supreme Court to satisfy the plaintiff's lien; that unless the principal and interest of said judgment be paid within twenty days from the entry thereof and service of notice of entry the plaintiff may apply to the Supreme Court for the appointment of a referee to sell said premises and have his lien enforced, and that he may make such further application to the Supreme Court from time to time in respect to the said judgment as may become necessary, with costs to appellant.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur.

Judgment accordingly.