MAX WOLAS, Plaintiff, *v.* CHARLES RUSSO, Defendant.

Municipal Court of New York, Borough of Manhattan, Eighth District, December 29, 1930.

*William L. Greenfogel*, for the plaintiff.

*John Bruccoli*, for the defendant.

PRINCE, J.   Plaintiff and defendant executed a contract for the sale by defendant to the plaintiff of certain real estate then incumbered by the lien of two blanket mortgages covering a tract of which the contract premises were a part.   The contract provided that the premises were to be conveyed free and clear of all incumbrances. Upon the execution of the contract, the vendee deposited $1,000.

At the time and place fixed for closing, the vendor appeared with a deed to the premises, and with a release from the lien of one of the blanket mortgages.   There was also present a representative of the mortgagee, who had in his possession a release from the lien of the other blanket mortgage, ready to surrender the release upon receiving the consideration therefor.

The vendee rejected title on the ground that the releases were not recorded, and brings this action to recover the $1,000 heretofore paid to the vendor, on the ground that the vendor, at the time and place specified in the contract of sale, was not able to convey the premises free and clear of all incumbrances.

Whether due compliance with the contract required the vendor to record the releases is an arguable question, but one which it is not here necessary to decide.   Counsel for the plaintiff appropriately points out that, as to one of the blanket mortgages, the vendor was legally in no position to tender any release, recorded or otherwise.   It is important to observe that at no time did the vendor become entitled to the release held by the mortgagee's representative.   This mortgagee had never been paid, and until he was paid and had delivered a release to the vendor, the premises

remained subject to the lien of that blanket mortgage. So long as the premises were so incumbered, the vendor was unable to perform his obligations under the contract. The vendor might have expected to pay for the release out of the purchase money, and thereafter to deliver the release to the vendee. But the vendor was not entitled to receive the purchase money unless and until the premises were free and clear of all incumbrances, and since the premises never were free and clear of all incumbrances, it was not necessary for the vendee to make a formal tender or demand in order to maintain this action. (*Ziehen* v. *Smith*, 148 N. Y. 558.)

In the case of *Mahaney* v. *580 Madison Ave., Inc.* (135 Misc. 603, 605), upon facts almost exactly similar to those in the case at bar, the court permitted the vendee to recover the deposit, and said: " It does not follow, however, that the mere presence, at the closing, of representatives of the lienors with duly executed satisfactions in their possession, is sufficient, *in itself*, to place the vendee in default. The latter cannot properly be expected to pay the entire purchase price in return for a conveyance of property incumbered by unsatisfied liens and trust to the vendor's using the purchase money to obtain the satisfactions from the lienors and to the vendor's thereafter turning the same over to him."

The defendant counterclaimed in the sum of $6,000. In view of the fact that there was a breach of the contract on the part of the defendant, the counterclaim must be dismissed.

Judgment for the plaintiff in the sum of $1,000; counterclaim dismissed.