ALFRED J. OFFNER, Plaintiff, *v.* WILLIAM ENGELEN et al., Defendants.

Supreme Court, Special Term, Queens County, January 11, 1951.

*John R. Hawthorne* for plaintiff.

*Joseph Avis* for defendants.

PETTE, J. Motion for summary judgment by the plaintiff. This action is brought to recover a deposit and part payment made towards the purchase of certain real property owned by the defendants and to recover legal and title company expenses incurred in connection with the contemplated purchase and sale of that property.

The facts, so far as they are disclosed in the record, are as follows. By a written instrument, dated August 29, 1950, plaintiff made a deposit of $400 on the purchase of the real property in question subject to the " Delivery by the seller of a warranty deed, free and clear of encumbrances." Title was to close on or before September 28, 1950. At the instance of plaintiff's attorney, by letter dated November 1, 1950, the date of closing was adjourned to November 3, 1950. The plaintiff did not, according to the defendants (and nothing in plaintiff's papers even indicates the contrary), appear on that date. Thereafter, by letter, dated November 7, 1950, defendants' attorney wrote to plaintiff's attorney, in pertinent part, as follows:

" I wish to inform you that a warranty deed executed by my clients free and clear of any liens, encumbrances, etc., was ready to be delivered to your representative on Friday, November 3rd, 1950, at 4 P.M.

" Please advise when you intend to effect the closing of title. My client insists that title be closed on or before November 14, 1950."

Apparently, no action was taken with respect to this letter since, on November 16, 1950, defendants' attorney again wrote to the plaintiff's attorney, this time as follows:

" I have failed to receive any reply to my recent correspondence and telephone calls to your office.

" In my previous correspondence I had set the date of Tuesday, November 14th, for the closing of title.

" I am holding the mortgage papers and discharge of mortgage which I must return to the first mortgagee before the end of the month. However, I would like to have some definite word from you or your client as to whether or not you intend to effect closing of title."

The only reference contained in plaintiff's papers with respect to the November 14th date set for closing title in the letter of defendants' attorney dated November 7th is contained in the affidavit of plaintiff's attorney, as follows: " On November 14, 1950, the plaintiff rejected the title offered by the defendants herein on the ground that the same did not comply with the terms of the instrument made August 29, 1950." The manner in which " plaintiff rejected the title " does not appear. On November 18, 1950, this action was instituted.

The sole ground upon which plaintiff bases his right to recover in this action is that since his deposit was made subject to delivery " of a warranty deed, free and clear of encumbrances ", and since there was on the date originally set for closing, i.e., September 28, 1950, and on the adjourned dates, and in fact there still is, a mortgage oustanding on the property in question, the defendants have breached their agreement.

Defendants, in opposition (they seek no affirmative relief either in the action or on this motion), submit the following proof. On November 3, 1950, defendants' attorney held in escrow the original bond and mortgage and a discharge of mortgage. A certified check in the unpaid amount remaining due on the mortgage was drawn by the defendant William Engelen to the order of the mortgagees. Photostatic copies of the discharge and certified check are included in the record.

The so-called " instrument " dated August 29, 1950, and signed by both parties, embodies all the elements of a contract of sale and is considered so to be by this court. There is, it is true, some doubt upon the question whether a vendee may maintain an action to recover a deposit, as distinguished from an action to recover damages for breach of contract, in the absence of proof that he has made a tender of the performance required of him by the contract. Several cases have held that he may. (*Morange* v. *Morris,* 3 Keyes 48; *Wolas* v. *Russo,* 138 Misc. 702; *Clearing Realty Corp.* v. *Pollaci,* 133 Misc. 626.) The weight of authority, however, holds that a vendee is not relieved from the necessity of making such a tender where it appears that there is no insurmountable difficulty in clearing the title and compliance by the vendor with the terms of the contract is not beyond his power. (*Wija Bldg. Corp.* v. *Kay-Wei*

*Bldg. Corp.,* 223 App. Div. 848, affd. 249 N. Y. 575; cf. *Waldman v. Greenberg,* 265 App. Div. 827, affd. 289 N. Y. 769; see *Ziehen* v. *Smith,* 148 N. Y. 558, 561.) Where compliance by the vendor is beyond his power, no tender by the vendee need be made. (*Greene* v. *Barrett, Nephews & Co.,* 238 N. Y. 207; *Linehan* v. *A. & L. Homes, Inc.,* 261 App. Div. 840.) In the case at bar, not only does it appear that removal of the encumbrance by the vendor was within his power, but the proof submitted by the defendants, i.e., the photostatic copies of the discharge of mortgage and certified check, in addition to the copies of the letters of their attorney, dated November 7th and November 16th, respectively, show, at least presumptively, that the vendor was in a position completely to perform his obligations under the contract. *Morange* v. *Morris* (*supra*), much relied upon by the plaintiff, may, perhaps, be distinguished from the case at bar on the ground that there it appeared as a fact that the vendor did, on the law date, execute and tender a deed which was subject to incumbrances other than those expressly mentioned in the agreement. Even if the case be not distinguishable, however, later cases in the same court would seem to have destroyed its binding effect. (*Wija Bldg. Corp.* v. *Kay-Wei Bldg. Corp., supra; Waldman* v. *Greenberg, supra; Ziehen* v. *Smith, supra,* pp. 561–562.)

It is, accordingly, held that in the absence of a tender of performance by the plaintiff, he may not recover in the present action. Moreover, even if a tender by the vendee were not required, he would be obligated to show that he was ready and willing to perform the contract on his part. (*Fleischer* v. *Lockwood Lumber Co.,* 258 App. Div. 900.) Although plaintiff alleges in paragraph 15 of his complaint that he has been " at all times and on the dates aforementioned [i.e., November 3 and 14, 1950] ready, willing and able to perform " his obligations on the instrument dated August 29, 1950, but that he has refused to do so " because of the default of the defendants," the facts presented in the affidavits are clearly to the contrary. Finally, the proof submitted shows that time, as an essential element of the contract, was removed therefrom by the conduct of the parties.

The motion is denied.

Settle order.