Donald P. Gorman, J.
A binding option is a contract, but it is also an offer wMch when accepted will create another contract. The acceptance “ must comply with the terms of the *367 offer.” (Gram v. Mutual Life Ins. Co. of N. Y., 300 N. Y. 375, 382.)
This is an action for damages for a breach of such a contract. The present motion is for summary judgment pursuant to subdivision 4 of rule 113 of the Buies of Civil Practice upon the ground that there is no defense to the action. The complaint and motion rely upon the alleged conclusiveness of rule 92 of the Buies of Civil Practice. In addition to certain admissions and general denials, the answer denies the general allegations of due performance and capacity. No affirmative defense is pleaded.
Buie 92 cannot demand comprehensive denials in the absence of allegations referring to some act or performance sufficient to focus attention. Comparison with the moving affidavit points up the defendant’s dilemma and the unreasonableness of the plaintiff’s contention. Plaintiff’s affidavit exceeds the pleadings and presents issues not suggested therein. It refers to matters of evidence which may have a bearing upon contractual construction and the intention of the parties. Whether the plaintiff offered to pay and whether he offered to pay with present intention and ability to make the express payment in cash cannot be decided upon the instant papers. Whether any tender was necessary presents at this time a mixed question of fact and law. (See Allen v. Corby, 59 App. Div. 1.) The purported tender included in the written notice is inconsistent with the terms of the option. The conclusory allegation of acceptance is qualified by inference of a counteroffer and due performance by preventative acts. The papers indicate equivocal acts inferring issues which should require further proof. Under such circumstances, the rule that mere denials are insufficient to raise an issue upon a motion for summary judgment is not deemed applicable.
In an action for breach of contract the plaintiff must show that he has done what he was required to do. (Greene v. Barrett, Nephews & Co., 238 N. Y. 207.) Tender of performance on the part of the vendee is only excused where ‘ ‘ the vendor has absolutely disabled himself from performing on his part ”. (Higgins v. Eagleton, 155 N. Y. 466, 473; Ziehen v. Smith, 148 N. Y. 558.)
Buie 92 is not intended to dispense with the requirements of proper pleading nor does it apply to every situation. (Triple Cities Constr. Co. v. Dan-Bar Contr. Co., 309 N. Y. 665.) If this be an appropriate case for the application of rule 92, its effectiveness must await the conduct of the trial.
The motion for summary judgment is denied.