■ CHECK-MATE INDUSTRIES, INC., Respondent-Appellant, v SAY ASSOCIATES, Appellant-Respondent. — In an action, *inter alia,* for specific performance of a contract to sell real property, defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Rohl, J.), dated May 20, 1983, as, after a nonjury trial, directed defendant to tender good and marketable title to the subject premises, and

plaintiff cross-appeals, as limited by its brief, from so much of the same judgment as (1) directed that certain mortgages on the premises be satisfied from the purchase moneys, (2) failed to direct defendant to obtain the owner's duplicate certificate of title issued pursuant to section 396 of the Real Property Law and to deliver it to plaintiff at the closing, (3) failed to grant plaintiff a credit against the purchase price for damages sustained by it as a result of defendant's failure to perform and for attorney's fees and the expenses of the instant litigation, and (4), in effect, directed plaintiff to pay $1,000 per month as and for rent on the premises until the closing of title.

Judgment modified by (1) deleting subparagraphs (a), (c), (d) and (e) of the decretal paragraph thereof, and (2) adding a subparagraph to the decretal paragraph thereof directing defendant to obtain the owner's duplicate certificate of title issued pursuant to section 396 of the Real Property Law and to deliver it to plaintiff at the closing of title. As so modified, judgment affirmed, with costs to the plaintiff, and matter remitted to the Supreme Court, Suffolk County, for a trial on the issue of damages and for the entry of an appropriate amended judgment.

The trial court properly granted plaintiff specific performance of its option to purchase certain real property owned by defendant (see, e.g., *Da Silva v Musso,* 53 NY2d 543; *Murray v Harbor & Suburban Bldg. & Sav. Assn.,* 91 App Div 397, affd on opn at App Div 184 NY 596; *Webster v Kings County Trust Co.,* 145 NY 275; *Delavan v Duncan,* 49 NY 485; *Pfister v Heins,* 136 App Div 457; *Wolas v Russo,* 138 Misc 702).

Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for a determination of the damages suffered by plaintiff occasioned by defendant's breach. Attorney's fees may be awarded as part of those damages only upon a finding that "[defendant] has *contumaciously* deprived [plaintiff] of [a] clear legal entitlement, forcing the latter into the expense of rescuing [itself] through legal action" (*Park South Assoc. v Essebag,* 113 Misc 2d 1026, 1028; emphasis added; *Vaughan v Atkinson;* 369 US 527; see, also, *Matter of Boston & Providence R. R. Corp.,* 501 F2d 545).

In the amended judgment to be entered after the trial on the issue of damages, the court should make appropriate provision for payment of the balance of the purchase price and the delivery of satisfaction pieces for the outstanding mortgages on the property. If, for example, the balance of the purchase price less plaintiff's damages, if any, is sufficient to satisfy the then outstanding mortgages, then plaintiff may be directed to tender the required amount due at the closing in the form of separate

checks in the amounts necessary to discharge the mortgages, with the remainder, if any, payable to defendant. If, on the other hand, the balance of the purchase price less plaintiff's damages is not sufficient to discharge the then outstanding mortgage liens, then plaintiff may be directed either to simply tender a check to defendant for the balance due, leaving it to defendant to first satisfy the mortgage liens and obtain satisfaction pieces therefor, or to tender a check or checks to one or more of the mortgagees, upon condition that defendant simultaneously tender a check or checks for the balance of the mortgage liens and deliver to plaintiff the satisfaction pieces. Titone, J. P., Gibbons, Brown and Niehoff, JJ., concur.