SECOND DEPARTMENT, AUGUST, 1986

(August 4, 1986)

WILLIAM J. ADDESSO, Respondent, v DAVID SHEMTOB et al., Appellants.—In an action for specific performance of a contract for the sale of real property, the defendants appeal from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated August 5, 1985, which, upon the plaintiff's motion for summary judgment, directed specific performance of the contract.

Judgment affirmed, with costs.

The defendants do not contest on appeal that they were required under a contract for the sale of real property to discharge their $70,000 mortgage by the time of closing, when the deed to the property was to be delivered to the plaintiff with marketable title free of all encumbrances. However, they claim that the trial court cannot order them to do something they are unable to do; that is, they cannot convey the land with marketable title as required by the contract because they

are unable to pay the mortgage since: (1) they do "not have the economic power" to do so, and (2) they do not want to pay the mortgage "because of a question of the amount thereof—a matter between the defendants and their mortgagee, which is substantial".

We find that nothing prevents the defendants from paying this mortgage and complying with the contract. The defendants could pay the mortgage out of the proceeds of the purchase price *(see, e.g., Webster v Kings County Trust Co.,* 145 NY 275; *Check-Mate Indus. v Say Assoc.,* 104 AD2d 392). We also note that specific performance in this case would not impose any undue or considerable hardship on the defendants as the amount of the purchase price is more than ample to cover the costs of delivering the deed to the property to the plaintiff with a marketable title free of encumbrances as required by the contract *(see, e.g., Da Silva v Musso,* 53 NY2d 543; *Glasser v Loughran,* 103 Misc 20).

We have reviewed the defendants' claim of lack of personal jurisdiction and find it to be without merit. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.