■ BGW DEVELOPMENT CORP., Appellant, v MOUNT KISCO LODGE et al., Respondents. [694 NYS2d 437] —In an action to recover damages, *inter alia,* for breach of contract, the plaintiff appeals from stated portions of an amended judgment of the Supreme Court, Westchester County (Colabella, J.), entered July 27, 1998, which, among other things, upon the denial of its application for an attorneys' fee, failed to award it an attorneys' fee.

Ordered that the amended judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the plaintiff's application for an attorneys' fee. The attorneys' fee sought by the plaintiff does not fall within the relevant exception to the rule that the prevailing litigant ordinarily cannot collect an attorneys' fee from its unsuccessful opponents (*see, Hunt v Sharp*, 85 NY2d 883, 885). The attorneys' fee was not incurred in an attempt to compel the defendant Mount Kisco Lodge No. 1552 of the Benevolent and Protective Order of Elks of the United States of America (hereinafter the Elks) to fulfill its contractual obligations. Moreover, the attorneys' fee was not "directly occasioned and made necessary" by the breach of contract by the Elks (*City of Elmira v Larry Walter, Inc.*, 150 AD2d 129, 133, *affd* 76 NY2d 912; *compare, Aero Garage Corp. v Hirschfeld*, 185 AD2d 775, 776; *Kinney v Massachusetts Bonding & Ins. Co.*, 210 App Div 285, 293; *see also, Check-Mate Indus. v Say Assocs.*, 104 AD2d 392, 393).

The parties' remaining contentions are without merit. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.